# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHCREST, L.L.C., | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 10-CV-362-CVE-FHM |
| | ) |
| BOVIS LEND LEASE, INC.; | ) |
| GOULD TURNER GROUP, P.C.; | ) |
| and CARLISLE SYNTEC., INC., | ) |
| | ) |
|     DEFENDANTS. | ) |

## OPINION AND ORDER

Defendants' Opposed Motion to Establish Protocols for Preservation of Evidence [Dkt. 44] is before the Court for decision. The Court has held two telephone hearings on the motion and has considered the filings by the parties.

Defendants seek a court-ordered protocol that will provide them reasonably accurate, detailed, and timely information about the ongoing construction activities that relate to the claims in this case. Such information will allow them to efficiently utilize their resources to observe and document the construction activities.

Plaintiff does not object to Defendants receipt of such information or to Defendants having reasonable access to the construction site. Plaintiff questions the need for a court-ordered protocol and expresses concern that a detailed protocol will simply generate disputes about compliance.

The Court is persuaded that the entry of a court-ordered protocol will assist in the orderly conduct of discovery in the case. The Court will guard against allowing the protocol to generate unnecessary discovery disputes.

It is, therefore, ordered that:

(1) Before 5:00 pm Central on every Friday during the period that construction activities are occurring at Southcrest Hospital (the "Hospital"), Counsel for Southcrest, L.L.C. will provide counsel for the Defendants a report of the anticipated construction activities planned for the successive two-week period. Said report shall identify any activities that will involve the demolition or removal of any windows or window systems, EIFS, or any portion of the roofs or roofing systems that are the subject of the Complaint.

(2) Said Notice will be transmitted to all counsel of record via email.

(3) Defendants, either jointly or separately, may elect to retain a local consultant (hereinafter the "Local Consultant") to perform on-site observations and documentation of the conditions and relevant activities during the course of Plaintiff's demolition and construction activities that relate to the claims in this lawsuit. In such event, Plaintiff shall designate a person or persons to serve as its point of contact with the Local Consultant. When requested by the Local Consultant, Plaintiff's designated point of contact shall provide the then currently available information regarding specific anticipated tasks involving, EIFS, windows, roofs, moisture damage assessment or repair, structural or interior repairs, or other tasks relevant to the claims in this Lawsuit so that the Local Consultant can determine the need for and timing of site visits.

(4) Any Defendant retaining a Local Consultant shall coordinate with Plaintiff and Plaintiff shall make reasonable efforts to accommodate such Defendant's request for site access to relevant construction activities for the purpose of orienting the Local Consultant to the requirements of the position. Access to the Hospital will be available to the Defendants upon reasonable advance notice to Plaintiff.

(5) The Local Consultant shall give notice to Plaintiff's designated on-site point of contact prior to any visit to the site. Plaintiff shall allow the Local Consultant access to all areas where tasks relevant to the claims in the lawsuit are being performed to allow the Local Consultant to observe the work and to document conditions. The Local Consultant shall coordinate with Plaintiff and Plaintiff's contractor so as to accomplish his or her access and tasks in a manner that minimizes any disruption to the ongoing work.

(6) If at the time of any inspection or testing, any party, counsel, expert or consultant takes photographs or video images at the Hospital, Plaintiff's representatives may download, or copy as the case may be, said photographs or video before the person taking same leaves Plaintiff's premises. Plaintiff shall be responsible for any damage to the equipment or loss of images that may result from its representatives' use, possession, control or accessing any such person's photographic or video equipment.

(7)     If any party determines to perform any sampling or testing on any feature at the Hospital (other than field testing for moisture content), it shall notify all counsel of record no less than seventy-two (72) hours in advance.  The notice shall indicate the nature of the sampling and testing, identify any standard test methods that will be utilized, and will identify the planned location for the sampling or testing.  Plaintiff will take all reasonable steps to accommodate requests for sampling and inspection, and Defendants shall endeavor to coordinate with Plaintiff's counsel times for sampling and testing that minimize the disruption to Plaintiff's and its contractor's work.  Plaintiff shall not be required to erect scaffolding to provide access for sampling, but it must allow Defendants' consultants and experts access to scaffolding in place to reach elevated locations for sampling and testing.

Defendants' Opposed Motion to Establish Protocols for Preservation of Evidence [Dkt. 44] is GRANTED.

SO ORDERED this 28th day of September, 2010.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE