**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SOUTHCREST, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0362-CVE-FHM |
| | ) | |
| **BOVIS LEND LEASE, INC., GOULD TURNER GROUP, P.C., and CARLISLE SYNTEC, INC.,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

Now before the Court is Bovis's Motion to Dismiss Plaintiff's Claims for Breach of Contract and Breach of Implied Warranties and in the Alternative Motion for a More Definite Statement of Plaintiff's Implied Warranty Claim and Brief in Support (Dkt. ## 28, 30) and Defendant, Gould Turner Group, P.C.'s Joinder in Bovis's Motion to Dismiss [Dkt. No. 28] (Dkt. # 31).

On June 4, 2010, plaintiff filed a complaint against three defendants, alleging claims for relief based on negligence, breach of contract, breach of implied warranty for particular purpose, and breach of express warranty. Dkt. # 2. Defendants Bovis Lend Lease, Inc. (Bovis) and Gould Turner Group, P.C. (Gould) ask this Court to dismiss the breach of contract claims against them as time barred by the applicable statute of limitations. Dkt. # 28. Bovis also asks the Court to dismiss plaintiff's implied warranty for particular purpose claim against it on the same ground, or, in the alternative, to require plaintiff to provide a more definite statement of its implied warranty claim.

**I.**

On or about December 17, 1997, plaintiff Southcrest, L.L.C. (Southcrest) entered into a contract with Bovis to build Southcrest Hospital. Dkt. # 2, at 2. Southcrest also entered into a contract with Gould for design and construction administration services. Id. Original construction of the hospital was certified by Gould as substantially complete on March 12, 1999. Id. Southcrest later contracted with Bovis for three additional construction projects, which Gould also certified as complete: a catheter lab addition to the hospital, substantially complete on June 5, 2000; an operating room addition, substantially complete on October 29, 2001; and an addition of the 5th and 6th floors of the hospital tower, substantially complete on July 19, 2002. Id. at 2-3.

All of the buildings were covered in exterior sheathing called Exterior Insulated Finishing System (EIFS). Id. at 3. Plaintiff alleges that in June 2008, its employees "noticed water damage to the interior of the building" in the operating room addition. Id. at 5. An environmental engineer hired by Southcrest to investigate the moisture intrusion issue discovered "high levels of moisture" inside the wall cavity of the operating room, and repair work revealed that the problem was "more extensive than initially believed." Id. Southcrest claims the damage was caused by defective design and construction of the 5th and 6th floor additions, which allegedly "allowed large volumes of water to enter the exterior wall cavity" that then wicked into permeable surfaces and flowed down the building. Id. As a result, plaintiff claims, "all permeable surfaces in the hospital tower" were eventually saturated, and water entering the building began to collect in a ground floor wall. Id. The catheter lab and operating room additions allegedly had the same problems as the 5th and 6th floors, and both have "extensive moisture intrusion and water damage." Id. at 6. Plaintiff claims that the moisture intrusion and water damage in the building was caused by defective construction

and design of the EIFS exterior, and that water intrusion was also caused by defective manufacture and installation of the roofing system. Id.

Plaintiff seeks damages for the defects in the building based on negligence and breach of contract by both Bovis and Gould, breach of implied warranty for particular purpose by Bovis, and breach of express warranty by Carlisle Syntec, Inc. Id. at 7-10. Bovis and Gould argue that the counts against them for breach of contract are barred on statute of limitations grounds. Dkt. ## 28, at 3-6; 31, at 2-3; 49; 51. Bovis also argues that plaintiff's claim against it for breach of the implied warranty for particular purpose is similarly time-barred. Dkt. # 28, at 3-6. In the alternative, Bovis requests a more definite statement as to that claim. Id. at 6.

**II.**

The Court reviews the motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context,

---

[1] "Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1310 n.3 (10th Cir. 1999), *overruled in part on other grounds*, Boyer v. Cordant Techs., Inc., 316 F.3d 1137, 1140 (10th Cir. 2003).

Twombly "expounded the pleadings standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

On a motion for a more definite statement, under Rule 12(e) the Court may require a party to cure defects in a vague or ambiguous pleading so as to allow the opposing party to frame a responsive pleading. Rule 12(e) reads, in pertinent part: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). The Court has discretion to treat vague pleadings under either Rule 12(b)(6) or Rule 12(e). See 5C C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (3d ed. 2004) ("If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.").

### III.

Bovis and Gould (Moving Defendants) argue that the breach of contract claims stated by plaintiff are governed by the five-year statute of limitations under OKLA. STAT. tit. 12 § 95(A)(1). Because the most recent construction project at Southcrest was substantially complete over eight years ago, on July 19, 2002[2], Moving Defendants[3] argue that the last date for plaintiff to properly file a breach of contract claim based on those projects was July 19, 2007. Dkt. ## 28, 49. Plaintiff's complaint was not filed until June 4, 2010, Dkt. # 2, and Moving Defendants now ask this Court to dismiss as time-barred the breach of contract claims contained therein.

In this diversity action, this Court must apply Oklahoma law in deciding whether Southcrest's claims are time-barred, as well as whether any tolling provisions apply to those claims. See State Farm Mut. Auto. Ins. Co. v. Boellstorff, 540 F.3d 1223, 1228 (10th Cir. 2008). Moving Defendants argue that plaintiff's breach of contract claims are barred by the applicable statute of limitations. In defense, plaintiff contends that its claim must be considered in light of both the applicable statute of limitations and statute of repose, and that its breach of contract claims against Moving Defendants are not barred under those limitations periods because they were tolled by the

---

[2] Other portions of the construction job were completed much earlier. Because, as stated below, this Court finds the claim untimely even if the statute of limitations period were assumed to run from the last possible date of construction, it will not address whether individual limitations periods apply to segments of a construction job, or whether the limitations period for all segments runs from the date the entire project is complete.

[3] Gould's role as a subcontractor is irrelevant to a determination of the proper statute of limitations. See Samuel Roberts Noble Found., Inc. v. Vick, 840 P.2d 619, 622 (Okla.1992). Thus, the Court will not address the separate roles played in construction by Bovis and Gould, or when their individual contributions may have been complete.

5

discovery rule. For the reasons stated below, the Court finds that only the statute of limitations is applicable to plaintiff's breach of contract claim, and that the claim is barred under that statute.

Under OKLA. STAT. tit. 12 § 95(A)(1), actions upon a written contract must be brought within five years from the accrual of the cause of action. Section 95 has been interpreted as a statute of limitations, meaning that it is a procedural bar that "extinguishes the plaintiff's remedy" beyond a certain date after "a substantive right has vested and a claim accrued." See Kirby v. Jean's Plumbing Heat & Air, 222 P.3d 21, 25-26 (Okla. 2009). "The limitations period in § 95 begins to run from the time the elements of a cause of action arise . . . that is . . . when a litigant first could have maintained his action to a successful conclusion." MBA Comm'l Const., Inc. v. Roy J. Hannaford Co., Inc., 818 P.2d 469, 473 (Okla. 1991); see also Kirby, 222 P.3d at 27 ("[t]he cause of action for breach of a contract for construction arises at the contract's completion"). Remedial time bars like section 95 are tollable. Kirby, 222 P.3d at 26.

In an attempt to evade the five-year bar set out in section 95, plaintiff argues that because the alleged harm was not discovered until June 2008, the limitations period was tolled by the discovery rule until that date. Dkt. # 42, at 2-6. Oklahoma courts will apply the "discovery rule" to allow "statutes of limitations in tort cases to be tolled until the injured party knows, or, in the exercise of reasonable diligence, should have known of the injury." In re Cooper Mfg. Corp., 131 F. Supp. 2d 1230, 1237 (N.D. Okla. 2001); see also, e.g., McVay v. Rollings Corp., 820 P.2d 1331, 1331-33 (Okla. 1991). However, courts have long rejected the extension of the discovery rule to breach of contract claims. See, e.g., Ind. Sch. Dist. No. 74 of McCurtain County v. Shurtleff-Gaharan, Inc. 2007 WL 2248159, at * 2 (E.D. Okla. Aug. 2, 2007); Noble, 840 P.2d at 623.

In <u>Noble</u>, the Oklahoma Supreme Court was presented directly with the question of whether it should extend the discovery rule to claims for breach of a construction contract. After noting that courts in other jurisdictions had created such an extension, the <u>Noble</u> court held that it preferred "the general rule that the limitations period begins to run when the contract is completed" to allowing any extension of time under the discovery rule. 840 P.2d at 622-23. The court explained that the discovery rule was appropriate for tort claims because under the applicable statute of repose, OKLA. STAT. tit. 12 § 109[4], any such claim would expire after ten years. However, because there is no similar statute of repose that operates to terminate claims based on breach of contract, the court found that extension of the discovery rule to breach of contract actions would result in excessive uncertainty for defendants. <u>Id.</u> at 623; <u>see also</u> <u>Jaworsky</u>, 850 P.2d at 1054 (noting <u>Noble</u>'s "express[] reject[ion of] the rule that a cause of action for breach of contract does not accrue until discovery of the defect" and finding that a five-year period of time in which to sue for breach of the implied warranty of fitness was reasonable).

---

[4] Section 109 states:

> No action in tort to recover damages (1) for any deficiency in the design, planning, supervision, or observation of construction or construction of an improvement to real property [or] for injury to property, real or personal, arising out of any such deficiency . . . shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

Statutes of repose are legislative fixes to the tolling of statutory deadlines by courts, and set "an outer boundary in time beyond which no cause of action may arise for conduct that would otherwise have been actionable." <u>Jaworsky v. Frolich</u>, 850 P.2d 1052, 1054-55 (Okla. 1992). Such statutes are not tollable, and their time limits "must be allowed to run and expire uninterrupted by any arrest or suspension." <u>Kirby</u>, 222 P.3d at 26.

7

Plaintiff asks this Court to find that the Oklahoma Supreme Court overruled these precedents in <u>Kirby</u>. Dkt. # 42, at 3-9. Under plaintiff's interpretation, <u>Kirby</u> narrowed Oklahoma courts' prior refusals to extend the discovery rule to breach of contract claims, and held that use of the rule was restricted in contract cases only where it would extend a statute of limitations period beyond the 10-year limit set out in section 109. <u>Id.</u> The language in the <u>Kirby</u> opinion is admittedly imprecise. In the court's consideration of whether plaintiff's breach of contract action was barred, it acknowledged that the court had "declined to apply the discovery rule to suits based on breach of construction contracts" before commenting that "Section 109 would . . . be rendered meaningless if the discovery rule were allowed to extend § 95's limitation period to construction contracts beyond the time fixed by § 109." <u>Id.</u> at 27-28. In that vein, the court concluded its opinion by stating that "[b]reach-of-contract claims arising from construction contracts are not subject to the discovery rule **if its application would result in extending the substantive law's time bar of § 109**." <u>Id.</u> at 28 (emphasis in original).

Reading the opinion as a whole, however, <u>Kirby</u> was not intended to create any dramatic shift in Oklahoma jurisprudence; on the contrary, it confirms that the discovery rule does not apply to contract claims. The <u>Kirby</u> court began its consideration of the appropriate statute of limitations for a breach of contract claim by noting the general bar of application of the discovery rule to contracts. Under the facts in that case, application of the discovery rule to the statute of limitations would have extended the limitations period beyond the time bar of section 109, and the court chose to focus on explaining why the rule would be inappropriate in that particular instance. The court then affirmed that "no extension of [section 95]'s time bar may be allowed by application of the discovery rule." <u>Id.</u> at 28. Although the court did limit some of its statements to cases where the

statute of limitations would extend beyond the statute of repose, it provided no indication that it intended its opinion to overturn broader precedent, nor any rationale for doing so. This Court will not interpret silence as to scenarios not before a court as authority for a dramatic departure from established law. Thus, Kirby did not disturb the long-standing rule in Oklahoma that the discovery rule does not apply to breach of contract claims.

Construction projects for plaintiff's hospital were substantially complete by July 19, 2002. Any contract claim based on those construction jobs was subject to a five-year statute of limitations under section 95. The discovery rule does not operate to toll that statute of limitations. Therefore, Moving Defendants are correct that the last possible date for plaintiff to properly file a breach of contract claim was July 19, 2007, and plaintiff's breach of contract claims filed on June 4, 2010 must be dismissed as untimely.

## IV.

Bovis also seeks dismissal of plaintiff's breach of implied warranty claim. Dkt. ## 28, 30. Bovis argues that Southcrest's claim for implied warranty is based in contract and is therefore subject to either a three or five-year statute of limitations period, depending on the basis for the claim. Dkt. # 28, at 4-5. In the alternative, Bovis asks this Court to order that plaintiff provide a more definite statement of its claim.

Plaintiff does not define precisely the basis for its claim for breach of implied warranty against Bovis. The header to that section of the complaint refers to "implied warranty for particular purpose." Dkt. # 2, at 9. However, the body of the section refers to both the implied warranty for a particular purpose and the implied warranty of merchantability. Id. Construing the pleadings in the light most favorable to Southcrest, the complaint will be read to state a claim for either breach

9

of implied warranty of fitness for a particular purpose or implied warranty of merchantability. In Oklahoma, "[a] contract includes not only the promises set forth in express words, but, in addition, all such implied provisions as are indispensable to effectuate the intention of the parties, and as arise from the language of the contract and the circumstances under which it was made." Miller v. Ind. Sch. Dist. No. 56, 609 P.2d 756, 758 (Okla. 1980). The implied warranty of merchantability and implied warranty for a particular purpose are creatures of statute, established by Oklahoma's adoption of the Uniform Commercial Code (U.C.C.) provisions in OKLA. STAT. tit. 12A §§ 2-314 and 2-315, respectively. The U.C.C. applies only to a sale of goods. See, e.g., Redwine v. Baptist Gen. Conv. of Okla., 681 P.2d 1121, 1124 (Okla. App. 1982). Neither party has addressed whether materials installed as part of a construction contract may be considered such a sale. However, assuming the installation of materials as part of a construction contract constitutes a sale for purposes of the U.C.C., plaintiff's claim is governed by the five-year statute of limitations period set out in OKLA. STAT. tit. 12A § 2-725, which "accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." Thus, the limitations period for a claim under either section 2-314 or 2-315 would have started to run at the completion of construction, and plaintiff's claims would be untimely.

Alternatively, assuming that plaintiff's claim is not properly brought under the U.C.C., a claim for breach of an implied warranty based on economic loss has been found to "sound[] in contract." Jaworsky, 850 P.2d at 1054; see also Winchester v. Lester's of Minnesota, Inc., 983 F.2d 992, 994 (10th Cir. 1993). Thus, the statute of limitations for contract actions was applied in the aforementioned cases. See Jaworsky, 850 P.2d at 1054 ("five years from the completion of construction . . . to sue for breach of the implied warranty of fitness is reasonable"). Here, plaintiff

bases its claim on economic damage it has suffered as a result of Bovis's breach of implied warranties in the construction contract. The five-year limitations period in section 95 would therefore be applicable to that claim in plaintiff's complaint, and it would be time-barred.

Thus, although the Court favorably construes plaintiff's complaint on a motion to dismiss, Southcrest's claim for breach of an implied warranty is untimely under any reading of the complaint. The count must therefore be dismissed, and Bovis's request in the alternative for a more definite statement of count three of the complaint is moot.

**IT IS THEREFORE ORDERED** that Bovis's Motion to Dismiss Plaintiff's Claims for Breach of Contract and Breach of Implied Warranties and in the Alternative Motion for a More Definite Statement of Plaintiff's Implied Warranty Claim and Brief in Support (Dkt. ## 28, 30) and Defendant, Gould Turner Group, P.C.'s Joinder in Bovis's Motion to Dismiss [Dkt. No. 28] (Dkt. # 31) are **granted** as to dismissal (Dkt. ## 28, 31) and **moot** as to a more definite statement (Dkt. # 30). Southcrest's breach of contract claims are dismissed as to defendants Bovis and Gould, and the breach of implied warranty claim is dismissed as to Bovis.

**DATED** this 14th day of October, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT