UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHCREST, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOVIS LEND LEASE, INC., GOULD )<br>TURNER GROUP, P.C., and CARLISLE )<br>SYNTEC, INC., )<br>)<br>Defendants. )<br>-------------------------------------------------- )<br>)<br>BOVIS LEND LEASE, INC., )<br>)<br>Third party plaintiff, )<br>)<br>v. )<br>)<br>(1) ABG CAULKING CONTRACTORS, INC., )<br>(2) APAX GLASS, INC., (3) DELTA/UNITED )<br>SPECIALTIES, (4) GREEN COUNTRY )<br>INTERIORS, INC., (5) NORTHEASTERN )<br>IRRIGATION & LANDSCAPE, INC., )<br>(6) PROFESSIONAL WATERPROOFING )<br>AND ROOFING, INC., (7) RUSSELL )<br>PLUMBING HEAT & AIR COMPANY )<br>D/B/A RUSSELL MECHANICAL )<br>CONTRACTORS, (8) STO CORP., )<br>(9) SUPREME SYSTEMS, INC., AND )<br>(10) WESTERN FIREPROOFING COMPANY )<br>OF KANSAS, INC., )<br>)<br>Third party defendants. ) | Case No. 10-CV-0362-CVE-FHM |

## OPINION AND ORDER

Now before the Court is defendant Bovis Lend Lease (Bovis)'s Motion for Leave to File

Crossclaim Against Carlisle Syntec, Inc. and Gould Turner Group, P.C. (Dkt. # 106), plaintiff

Southcrest, L.L.C. (Southcrest)'s Motion to Amend Complaint and Incorporated Memorandum of Authorities in Support (Dkt. # 107), Third Party Defendant, Delta/United Specialties, Inc.'s Motion for Leave to File Third Party Complaint (Dkt. # 157), Third Party Defendant Delta/United Specialties, Inc.'s Motion to Modify Scheduling Order and Extend the Discovery Deadline (Dkt. # 159), Defendant Gould Turner Group P.C.'s Joinder in Third Party Defendant Delta/United Specialties, Inc.'s Motion to Modify Scheduling Order and Extend the Discovery Deadline, Docket No. 159 (Dkt. # 167), Defendant and Third Party Plaintiff, Bovis Lend Lease, Inc.'s Joinder in Third Party Defendant Delta/United Specialties, Inc.'s Motion to Modify Scheduling Order and Extend the Discovery Deadline, Docket No. 159 (Dkt. # 169), and plaintiff's Joinder in Motion to Extend Discovery Deadline [Doc. # 159] and Motion for Additional Time (Dkt. # 171).

## I.

On or about December 17, 1997, Southcrest entered into a contract with Bovis to build Southcrest Hospital. Dkt. # 2, at 2. Southcrest also entered into a contract with defendant Gould Turner Group, P.C. (Gould) for design and construction administration services. Id. Original construction of the hospital was certified by Gould as substantially complete on March 12, 1999. Id. Southcrest later contracted with Bovis for three additional construction projects, which Gould also certified as complete: a catheter lab addition to the hospital, substantially complete on June 5, 2000; an operating room addition, substantially complete on October 29, 2001; and an addition of the 5th and 6th floors of the hospital tower, substantially complete on July 19, 2002. Id. at 2-3.

In its original complaint, Southcrest alleged that all of the hospital buildings were covered in exterior sheathing called Exterior Insulated Finishing System (EIFS). Id. at 3. Plaintiff alleges that, in June 2008, its employees "noticed water damage to the interior of the building" in the

2

operating room addition. Id. at 5. An environmental engineer hired by Southcrest to investigate the moisture intrusion issue discovered "high levels of moisture" inside the wall cavity of the operating room, and repair work revealed that the problem was "more extensive than initially believed." Id. Southcrest claims the damage was caused by defective design and construction of the 5th and 6th floor additions, which allegedly "allowed large volumes of water to enter the exterior wall cavity" that then wicked into permeable surfaces and flowed down the building. Id. As a result, plaintiff claims, "all permeable surfaces in the hospital tower" were eventually saturated, and water entering the building began to collect in a ground floor wall. Id. The catheter lab and operating room additions allegedly had the same problems as the 5th and 6th floors, and also have "extensive moisture intrusion and water damage." Id. at 6. Plaintiff claims that the moisture intrusion and water damage in the building was caused by defective construction and design of the EIFS exterior, and that water intrusion was also caused by defective manufacture and design of the roofing system by Carlisle Syntec, Inc. (Carlisle).[1] Id.

Plaintiff initially sought damages for the defects in the building based on negligence and breach of contract by both Bovis and Gould, breach of implied warranty for particular purpose by Bovis, and breach of express warranty by Carlisle. Id. at 7-10. The Court has original jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states. Dkt. # 2, at 2. The Court dismissed as untimely the claims for breach of contract against Bovis and Gould, as well as the breach of implied warranty claim against Bovis. Dkt. # 63. The Court also granted partial judgment on the pleadings in favor of Bovis and Gould as to

---

[1] Plaintiff's Motion to Amend Complaint and Incorporated Memorandum of Authorities in Support (Dkt. # 107) seeks to eliminate all claims against Carlisle.

plaintiff's negligence claims based on the original hospital construction. Dkt. # 77. Following the partial judgment on the pleadings, the Court granted Bovis leave to file a third-party complaint, Dkt. # 89, which Bovis subsequently filed against ABG Caulking Contractors, Inc., Apax Glass, Inc. (Apax), Delta/United Specialties, Inc. (Delta), Green Country Interiors, Inc. (Green Country), Northeastern Irrigation & Landscape, Inc., Professional Waterproofing and Roofing, Inc., Russell Plumbing Heat & Air Company d/b/a Russell Mechanical Contractors, STO Corp., Supreme Systems, Inc. (Supreme), and Western Fireproofing Company of Kansas, Inc. Dkt. # 90.

**II.**

Southcrest seeks leave under Fed. R. Civ. P. 15 to amend its complaint to "clarify its existing claims and assert additional claims against new parties arising out [of] the same events as set forth in its original Complaint." Dkt. # 107, at 1. Specifically, plaintiff's proposed amended complaint: (1) eliminates its claims against Carlisle; (2) adds claims against third-party defendants Apax, Delta, and Green Country; (3) adds direct claims against Tulsa Steel, Inc. (Tulsa Steel), and John Does 1-10; (4) adds additional details regarding its negligence claims, including statements regarding the role of various third-party defendants in contributing to the alleged damage to the hospital; and (5) adds allegations as to possible fraudulent conduct and claims for punitive damages. Gould filed a response stating that it has no objection to Southcrest's amended complaint. Dkt. # 129. However, Bovis and Apax filed objections to plaintiff's motion. Dkt. ## 127, 128. Carlisle and the other third-party defendants have not responded to plaintiff's motion.

Rule 15(a) provides that "after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party," and that "leave shall be freely given when justice so requires." Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th

4

Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 900 (10th Cir. 2004). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). The purpose of Rule 15(a) is to "provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter, 451 F.3d at 1204 (quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)). Leave to amend is a matter committed to the court's discretion, but the district court must give a reason for a refusal. Fed. Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).

Bovis opposes plaintiff's motion on grounds of delay, prejudice, and futility. Dkt. # 127, at 2. Apax opposes the motion on the ground that plaintiff's claims are barred by the applicable statutes of limitation and repose. Dkt. # 128. A court may deny leave to amend if the amendment would be futile. Anderson v. Suiters, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile if the new claims or defenses would be subject to dismissal. Lind v. Aetna Health, Inc., 466 F.3d 1195, 1199 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004). A court may also deny leave to amend "when the party filing the motion has no adequate explanation for the delay." Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993)). When considering delay as the basis to deny a motion to amend, a court must consider the length of the delay and the reason for the delay to determine if the moving party's actions constitute "undue" delay. Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th

Cir. 2006). "Undue prejudice" to an opposing party may also justify denial of a motion to amend. Foman, 371 U.S. at 182.

**A.**

Bovis first argues that the proposed amended complaint is improper because Rule 15 is not the proper vehicle to dismiss all claims against Carlisle. In its proposed amended complaint, Southcrest omits all mention of Carlisle, and does not include claims regarding the roofing system that were included in the original complaint. Bovis argues that Rule 41 of the Federal Rules of Civil Procedure[2] is the proper mechanism by which to effect dismissal of all claims against a particular defendant, not Rule 15. A circuit split exists as to the proper means by which to dismiss one defendant in a multi-defendant case; however, "the sounder view and the weight of judicial authority" is that Rule 41 is the proper mechanism by which to dismiss all claims against one defendant. The Late Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2362 (3d ed. 2010); see also Hells Canyon Preservation Coun. v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005)("[m]ost contemporary courts . . . have declined to read [Rule 41(a)] literally as permitting the dismissal only of an entire action against all defendants . . . [instead, Rule 41 is extended] to allow the dismissal of all claims against one defendant . . . withdrawals of individual claims against a given defendant are governed by [Rule 15]")(emphasis in original); Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004)("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only

---

[2]  Rule 41(a)(1) allows for dismissal by the plaintiff without a court order before the opposing party serves an answer or motion for summary judgment, or pursuant to a stipulation of dismissal signed by all parties who have appeared. Otherwise, dismissal requires a court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Carlisle has filed an answer, Dkt. # 22, and Rule 41(a)(2) is therefore applicable.

particular claims within an action. A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) . . . ."); Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993)(stating its agreement with the First, Third, Fifth, and Eighth circuits that Rule 41 allows for dismissal of one defendant from a multi-defendant action, and noting that only the Second and Sixth Circuits have disagreed); but see, e.g., Harvey Aluminum, Inc. v. Am. Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953)("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the wor[d] 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action'"). Under either Rule 15 or Rule 41, dismissal of the claim or party is without prejudice. Campbell v. Altec Indus., Inc., 605 F.3d 839, 841 n.1 (11th Cir. 2010).

The Tenth Circuit has not considered the appropriate mechanism for the dismissal of all claims against one defendant in a multi-defendant action. However, the Court will follow the majority approach, which dictates the use of Rule 41. In cases where a plaintiff has attempted to use the Rule 41 mechanism to dismiss fewer than all claims against a defendant, courts convert the faulty Rule 41 motion into a Rule 15 motion to amend. E.g., Mechmetals Corp. v. Telex Comp. Prods., Inc., 709 F.2d 1287, 1294 (9th Cir. 1983)("it is immaterial whether the court acts pursuant to Rule 15(a) or Rule 41(a)(2)"); Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind., No. 2:10-CV-255, 2010 WL 3927508, at * 2 (N.D. Ind. Oct. 4, 2010); Baker v. Ark. Blue Cross and Blue Shield, No. CV 08-3974 SBA, 2010 WL 2228522, at * 2 (N.D. Cal. June 1, 2010). Similarly, the Court will convert plaintiff's Rule 15 motion to exclude claims against Carlisle as a motion to dismiss pursuant to Rule 41.

"Rule 41(a)(2) permits a district court to dismiss an action without prejudice 'upon such terms and conditions as the court deems proper.'" Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 357 (10th Cir. 1996). "Absent legal prejudice to the defendant, the district court normally should grant such a dismissal." Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997)(internal quotations omitted). "The parameters of what constitutes legal prejudice are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." Id. "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor fo the opposing party for denial of the motion to be proper." Id.

Bovis argues that it would be prejudiced by dismissal of Carlisle because it has requested leave to assert a crossclaim against Carlisle, and has filed a third-party claim against Supreme, the subcontractor that installed the roof on several additions to Southcrest Hospital. Dkt. # 127, at 5, 7. However, it is not clear why Bovis would be prejudiced by plaintiff's dismissal of its own claims against Carlisle. Although a crossclaim against Carlisle would not be proper once plaintiff's underlying claim were eliminated, there is no reason why Bovis could not assert a third-party claim against Carlisle, nor why a claim against Supreme would not survive, assuming that such claims by Bovis allege liability for plaintiff's claims against it. Southcrest has not provided an explanation for the elimination of Carlisle. However, following entry of this opinion and order, an amended

8

scheduling order will be entered, and the parties are not so far along in the litigation process that elimination of one defendant would cause any party to suffer legal prejudice. Therefore, the Court will grant the converted Rule 41 motion to dismiss Carlisle as a defendant without prejudice to Bovis's right to add a third-party claim against Carlisle (see III, infra), and without the need to re-serve Carlisle.

**B.**

Bovis also objects to the proposed amended complaint on the ground that the addition of non-diverse defendants will destroy diversity. However, plaintiff has withdrawn its request to add nondiverse defendants.[3] Dkt. # 170. Therefore, Bovis's objection on the ground that the addition would destroy jurisdiction is moot.

Bovis argues that addition of other third-party defendants would also result in undue delay and prejudice. In addition to the nondiverse defendants, plaintiff seeks to add claims against Delta and John Does 1-10. Delta is identified as a subcontractor of Bovis that was responsible for various aspects of the construction of Southcrest, and the John Doe defendants are "parties who caused or contributed to the construction or design defects which are the subject of this civil action, but whose negligent conduct has not yet been discovered" by plaintiff. Dkt. # 107-1, at 2.

First, plaintiff seeks to assert claims against Delta, a third-party defendant. Under Fed. R. Civ. P. 14(a)(3), once a third-party plaintiff has brought claims against third parties, a "plaintiff may

---

[3]   Plaintiff's reply states that its withdrawal of its motion to amend pertained to Green Country and Tulsa Steel only. Dkt. # 170, at 2. However, plaintiff's amended complaint states that Apax is also an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Dkt. # 107-1, at 2. Therefore, the Court will construe plaintiff's withdrawal of its motion as extending to Apax as well. To the extent that plaintiff did not intend to withdraw its proposed claims against Apax, such claims are barred pursuant to Owen Equipment & Erection Company v. Kroger, 437 U.S. 365 (1978).

9

assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Plaintiff's proposed claims against Delta arise out of the transaction or occurrence that is the subject matter of plaintiff's claims against Bovis, and are therefore proper under Rule 14(a)(3). Moreover, Delta was added as a third-party defendant by Bovis on March 17, 2011, Dkt. # 90, and plaintiff's addition of claims against it is not untimely. Therefore, plaintiff's motion to add claims against Delta is granted, without prejudice to any defenses that Delta may raise to such claims.

Plaintiff also seeks to assert claims against John Does 1-10. "By its terms, Rule 15(a) gives discretion to the district court in deciding whether to grant a motion to amend a pleading to add a party . . . ." Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485, 2496 (2010). As noted, a court acts within its discretion in denying a motion to amend on grounds of timeliness. See Smith, 462 F.3d at 1285; see also United States v. Wiktor, No. 99-4226, 2000 WL 702631 (10th Cir. May 26, 2000)("a denial of [a motion to amend] on timeliness grounds would have been well within the district court's discretion"); Monroe v. City of Kent, No. 92-36920, 1993 WL 438690, at * 1 (9th Cir. Oct. 29, 1993)("The decision to allow a plaintiff to add defendants rests with the sound discretion of the trial court"). The use of John Doe defendants is typically a placeholder at the outset of a case prior to the discovery of the proper names of defendants. If plaintiffs were permitted to amend complaints to add placeholder defendants on the last day before the deadline, the potential for addition of parties would be limitless. This case has been on file for nearly a year, and plaintiffs have had ample opportunity to discover the names of defendants. Therefore, the Court exercises its discretion to deny as untimely plaintiff's motion to amend to add John Does 1-10**.**

**C.**

Bovis also argues that the proposed amended complaint is improper because it includes breach of contract claims already disposed of by the Court. The Court previously dismissed plaintiff's breach of contract claims. Dkt. # 63. However, the proposed amended complaint includes claims based on breach of contract. Plaintiff states at the end of its amended complaint that

> Southcrest hereby preserves for appeal its contract-based claims (contract claims and implied warranty claims) against Bovis and [Gould], acknowledging that the Court has previously entered an order dismissing those claims. The contract-based claims set forth in Southcrest's original Complaint are incorporated herein by reference for purposes of appeal and not as an attempt to revive the claims or circumvent the Court's prior order.

Dkt. # 107-1, at 16. The Tenth Circuit has stated explicitly that parties are not required to "reallege a cause of action on which the district court has conclusively ruled." Davis v. TXO Prod. Corp., 929 F.2d 1515, 1518 (10th Cir. 1991). Therefore, inclusion of breach of contract claims already dismissed by the Court is unnecessary and inserts futile claims back into the complaint. Such an amendment will not be permitted.

**D.**

Finally, Bovis objects to the proposed amended complaint on the basis of undue delay and prejudice regarding the other amendments to plaintiff's complaint, which include additional detail regarding its negligence claims, the addition of an additional theory of liability based on fraud, and a claim for punitive damages. Plaintiff's amendment was timely under the scheduling order, and came shortly after Bovis requested leave to add a number of third-party defendants. The Court finds that Bovis will not suffer prejudice from an amendment of plaintiff's complaint to include a more detailed statement of its claims. Objections based only on the addition of detail to claims in the original complaint, without a showing of delay or prejudice, does not support denial of amendment.

11

See Hemphill v. Scott, 141 F.3d 412, 420 (2d Cir. 1999). Nor will Bovis suffer prejudice from the timely amendment of plaintiff's complaint to include addition of alternative theories based on fraud, or from the addition of a claim for punitive damages. As stated, plaintiff's amendment was timely, and will not prejudice the parties, particularly in light of the modification of the scheduling order that will follow entry of this opinion and order.

## E.

Apax opposes the proposed amended complaint on the ground that the claim of negligence against it is barred by the statute of limitations, and asks that it be dismissed from the action, or that judgment be entered in its favor, with costs and attorney fees. Dkt. # 128, at 3. Because the Court interprets plaintiff's reply to the motion to amend as withdrawing its claims against Apax, Apax's objection is moot.

## III.

Bovis seeks leave to file crossclaims against Gould and Carlisle. Because the Court grants plaintiff's converted motion to dismiss Carlisle as a defendant, a crossclaim against it would be inappropriate. As a result, Bovis's request to assert a claim against Carlisle will be treated as a motion to file a third-party complaint against Carlisle. The Court previously approved the filing of third-party complaints by Bovis against parties who are or may be liable to it for all or part of the claims against it. Dkt. # 89. For the reasons stated therein, Bovis is granted leave to file a third-party claim against Carlisle based on indemnity and/or contribution.

Next, the Court will consider Bovis's request to file a crossclaim as against Gould only. Under Fed. R. Civ. P. 13(g), "[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the

original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Because Rule 13(g) does not impose any time limitations on the filing of crossclaims, once the parties have filed their initial pleadings, any motion to amend those pleadings and file a crossclaim must be made pursuant to Fed. R. Civ. P. 15. Tragarz v. Keene Corp., 980 F.2d 411, 431 (7th Cir. 1992). As noted, leave to amend under Rule 15 should be freely given when justice so requires.

Bovis's proposed crossclaim arises out of the same transactions and occurrences at issue in plaintiff's complaint – "namely, the design and construction of the Southcrest Projects." Dkt. # 106, at 3. In it, Bovis wishes to assert that "[Gould] may be liable to Bovis for all or part of [p]laintiff's claim asserted against Bovis." Dkt. # 106, at 3. The proposed crossclaim complies with the requirements of Fed. R. Civ. P. 13(g), and Gould filed a response stating that it does not object to Bovis's motion (Dkt. # 130). Therefore, Bovis may file its proposed crossclaim against Gould.

**IV.**

Delta seeks leave to file a third-party complaint against Southern Plastering, Inc. based on its work as a subcontractor for Delta in the installation of the EIFS in the 5th and 6th floor renovations. Dkt. # 157. Delta alleges that, "in the unlikely event that it is found liable to Bovis, Southern Plastering, Inc. will be liable for all or part of the claims arising out of the EIFS installation." Dkt. ## 157, at 3, 9. Under Fed. R. Civ. P. 14(a)(5), a "third-party defendant may proceed under this rule against a nonparty who is or may be liable to the third-party defendant for all or part of the claim against it." The decision to permit a defendant to implead a fourth-party defendant rests in the trial court's discretion. Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 438 (2d Cir. 2000)(quoting Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29,

13

31 (2d Cir. 1984)). However, "[i]n exercising its discretion [under Rule 14] the court should endeavor to effectuate the purpose of [the Rule], which means that impleader is to be allowed if it will avoid circuity of action and eliminate duplication of suits based on closely related matters. As a result, a timely application for impleader should be granted except when it will delay or disadvantage the existing action or the third-party claim obviously lacks merit. . . . [i]f the claim is a proper third-party action and will not prejudice the other parties or unduly complicate the litigation, there is no reason to deny an application under Rule 14(a)." The Late Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1443 (3d ed. 2007).

Delta's motion, filed May 2, 2011, was not timely under the current scheduling order, which requires all motions for joinder of additional parties to be filed by April 4, 2011. Dkt. # 79. However, Bovis's third-party complaint against Delta was not filed until March 17, 2011. Moreover, Delta and other parties have requested an extension of the deadlines in the scheduling order, which is granted below. Although Delta's motion to add Southern Plastering, Inc. as a fourth-party defendant was untimely, the Court does not find that Delta has engaged in undue delay. The question of Southern Plastering, Inc.'s contribution to alleged defects in the EIFS installation is directly related to the issues in this case, and if Delta is found liable for defects in construction, Southern Plastering, Inc. may be liable for all or part of the claims against Delta. Therefore, the joinder of Southern Plastering, Inc. is proper under Rule 14, and Delta's motion is granted, but it shall be titled fourth-party complaint.

## V.

Delta also filed a motion seeking a modification of the scheduling order and extension of the discovery deadline. Dkt. # 159. Plaintiff, Gould, and Bovis joined in Delta's motion. Dkt. ## 167, 169, 171. Pursuant to Fed. R. Civ. P. 16(b)(4), the scheduling order "may be modified only for good cause and with the judge's consent." The scheduling order currently in place was entered February 8, 2011, prior to Bovis's third-party complaint against the third-party defendants. This opinion and order allows additional parties and claims. The current scheduling order is thus ill-suited to the posture of this case. Further, the Court does not find that any prejudice will result from a modification of the scheduling order; to the contrary, as evidenced by the fact that Delta's motion was joined by both plaintiff and the original defendants, a modification would benefit all parties. For good cause, the motion to modify the scheduling order and extend the discovery deadline is granted.[4]

**IT IS THEREFORE ORDERED** that Bovis's Motion for Leave to File Crossclaim Against Carlisle Syntec, Inc. and Gould Turner Group, P.C. (Dkt. # 106) is **granted** in part and **moot** in part: it is granted as to a crossclaim against Gould; it is moot as to a crossclaim against Carlisle, but Bovis may file a third-party complaint against Carlisle, without the need to re-serve Carlisle.

**IT IS FURTHER ORDERED** that Southcrest's Motion to Amend Complaint and Incorporated Memorandum of Authorities in Support (Dkt. # 107) is **granted** in part, **moot** in part, and **denied** in part: it is granted as to dismissal of claims against Carlisle, inclusion of additional detail regarding negligence claims, addition of an alternative theory of liability based on fraud,

---

[4] Such a modification shall be inclusive of plaintiff's May 6, 2011 deadline to designate expert witnesses, as requested by plaintiff. Dkt. # 171, at 3.

inclusion of a claim against Delta, and inclusion of a request for punitive damages; it is moot as to the addition of nondiverse defendants, including Apax; it is denied as to the addition of claims against John Does 1-10.

**IT IS FURTHER ORDERED** that Third Party Defendant, Delta/United Specialties, Inc.'s Motion for Leave to File Third Party Complaint (Dkt. # 157) is **granted**, but which shall be entitled fourth-party complaint.

**IT IS FURTHER ORDERED** that all aforementioned amended pleadings must be filed without delay.

**IT IS FURTHER ORDERED** that Third Party Defendant Delta/United Specialties, Inc.'s Motion to Modify Scheduling Order and Extend the Discovery Deadline (Dkt. # 159), Defendant Gould Turner Group P.C.'s Joinder in Third Party Defendant Delta/United Specialties, Inc.'s Motion to Modify Scheduling Order and Extend the Discovery Deadline, Docket No. 159 (Dkt. # 167), Defendant and Third Party Plaintiff, Bovis Lend Lease, Inc.'s Joinder in Third Party Defendant Delta/United Specialties, Inc.'s Motion to Modify Scheduling Order and Extend the Discovery Deadline, Docket No. 159 (Dkt. # 169), and plaintiff's Joinder in Motion to Extend Discovery Deadline (Doc. # 159) and Motion for Additional Time (Dkt. # 171) are **granted**. An amended scheduling order will be entered forthwith.

**IT IS FURTHER ORDERED** that, assuming all amended pleadings are filed, the case caption shall be modified as follows:

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOUTHCREST, L.L.C., | ) | |
|         Plaintiff, | ) | |
| v. | ) | |
| BOVIS LEND LEASE, INC., GOULD | ) | |
| TURNER GROUP, P.C., | ) | |
|         Defendants. | ) | |
| ----------------------------------------------------- | ) | |
| BOVIS LEND LEASE, INC., | ) | |
|         Cross-claim plaintiff, | ) | |
| v. | ) | |
| GOULD TURNER GROUP, P.C., | ) | Case No. 10-CV-0362-CVE-FHM |
|         Cross-claim defendant, | ) | |
| ----------------------------------------------------- | ) | |
| BOVIS LEND LEASE, INC., | ) | |
|         Third-party plaintiff, | ) | |
| v. | ) | |
| (1) ABG CAULKING CONTRACTORS, INC., | ) | |
| (2) APAX GLASS, INC., (3) DELTA/UNITED | ) | |
| SPECIALTIES, (4) GREEN COUNTRY | ) | |
| INTERIORS, INC., (5) NORTHEASTERN | ) | |
| IRRIGATION & LANDSCAPE, INC., | ) | |
| (6) PROFESSIONAL WATERPROOFING | ) | |
| AND ROOFING, INC., (7) RUSSELL | ) | |
| PLUMBING HEAT & AIR COMPANY | ) | |
| D/B/A RUSSELL MECHANICAL | ) | |
| CONTRACTORS, (8) STO CORP., | ) | |
| (9) SUPREME SYSTEMS, INC., | ) | |
| (10) WESTERN FIREPROOFING COMPANY | ) | |
| OF KANSAS, INC., AND (11) CARLISLE | ) | |
| SYNTEC, INC., | ) | |
|         Third-party defendants. | ) | |
| ----------------------------------------------------- | ) | |
| DELTA/UNITED SPECIALTIES, | ) | |
|         Fourth-party plaintiff, | ) | |
| v. | ) | |
| | ) | |
| SOUTHERN PLASTERING, INC., | ) | |
|         Fourth-party defendant. | ) | |

**DATED** this 11th day of May, 2011.

                                                           CLAIRE V. EAGAN, CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT