# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHCREST, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-CV-362-CVE-FHM |
| | ) |
| BOVIS LEND LEASE, INC.; | ) |
| GOULD TURNER GROUP, P.C.; | ) |
| and CARLISLE SYNTEC., INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Defendant Gould Turner Group, P.C.'s ("Gould") Motion to Compel Regarding SouthCrest, LLC's Responses to Gould Turner Group, P.C.'s First Request for Production of Documents [Dkt. 87] and Defendant Gould Turner Group, P.C.'s Motion to Compel Plaintiff's Responses to Its First Requests for Admission and Interrogatories [Dkt. 88] are before the Court for decision. The motions have been fully briefed and a hearing was held on May 17, 2011.

Through the coordinated interrogatories, requests for admissions and requests for production of documents which are the basis for these motions, Gould sought a detailed explanation of all of Plaintiff's contentions against Gould and a specific identification, contention by contention or category by category, of all documents and records that Plaintiff would rely upon to support Plaintiff's contentions. (*See e.g.* Interrogatory No. 6 and Request for Production 6).

Plaintiff responds that it has produced all of the documents and records related to the construction projects at issue, including all of the reports from the companies

hired to determine the causes of the problems with the buildings and suggested solutions and all of the records of the companies performing the reconstruction on the buildings. In many instances, in responding to Gould's discovery Plaintiff has identified specific documents or records but Plaintiff also stated that a specific list of all documents and records that support particular contentions will be provided by Plaintiff's experts in their reports.[1]

The Court has read and re-read Gould's motions and Plaintiff's discovery responses in light of Gould's arguments. The Court rejects Gould's contention that it has been denied the facts needed to present its defense. All of the facts are available to Gould. The Court is not persuaded by Gould's argument that Plaintiff should be required at this stage of the case to specifically identify everything Plaintiff contends Gould did wrong and to identify the specific document or record Plaintiff will rely on to prove each allegation.[2] At this stage Gould is not entitled to a step by step, document by document road map of Plaintiff's case.

The Court finds that, with the exceptions noted herein, Plaintiff's responses comply with its obligations under the rules and are sufficient for the needs of this case. The areas where Plaintiff is required to provide additional responses are set out below. All other requests for relief are denied.

## Requests for Admission

---

[1] This case is not similar to *Oklahoma v. Tyson Foods*, 2007 WL 649332 (N.D. Okla.) cited by Gould. In *Tyson* the Plaintiff opted to produce documents under Fed. R. Civ. P. 33(d) instead of providing a narrative answer to interrogatories. In this case SouthCrest has not invoked Rule 33(d) in answer to interrogatories.

[2] The Court notes that the First Amended Complaint filed May 23, 2011, [Dkt. 190], provides significant detail about the exact nature of the alleged deficiencies.

Plaintiff shall respond to Nos. 5, 6, 7, 8, 9 and 10 with regard to the original hospital.

Interrogatories

No. 2: Plaintiff shall respond concerning CHS/Community Health Systems, Inc. and Community Health Systems, Inc.;

No. 10: The supplemental response is not responsive to the question. Plaintiff shall respond to the question asked;

No. 13: Plaintiff waived objection to the number of interrogatories. Plaintiff shall provide a general description of any work, repair, maintenance or preventive maintenance;

No. 20: Plaintiff waived objection to the number of interrogatories. Plaintiff shall supplement its original response if there is additional responsive information.

Requests for Production

No. 10: Plaintiff shall supplement, if necessary, based upon the response ordered regarding Interrogatory No. 10;

No. 13: Plaintiff shall supplement, if necessary, based upon the response ordered regarding Interrogatory No. 13;

No. 57: Plaintiff agreed at the hearing to produce.

Other Issues Discussed at the Hearing

Subject to LCvR 26.4, Plaintiff will provide a privilege log of any documents being withheld based on a claim of privilege or work product protection;

Plaintiff is not required to index the 58 boxes in storage;

Plaintiff is not required to bates-stamp the photographs from M.J. Harris;

Plaintiff will regularly supplement production of photographs of ongoing reconstruction.

## Conclusion

Defendant Gould Turner Group, P.C.'s ("Gould") Motion to Compel Regarding SouthCrest, LLC's Responses to Gould Turner Group, P.C.'s First Request for Production of Documents [Dkt. 87] and Defendant Gould Turner Group, P.C.'s Motion to Compel Plaintiff's Responses to Its First Requests for Admission and Interrogatories [Dkt. 88] are Granted in Part and Denied in Part as set forth herein.

SO ORDERED this 27th day of May, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE