# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOUTHCREST, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-CV-362-CVE-FHM |
| | ) | |
| BOVIS LEND LEASE, INC.; | ) | |
| GOULD TURNER GROUP, P.C.; | ) | |
| and CARLISLE SYNTEC., INC., | ) | |
| | ) | |
| Defendants, | ) | |
| ------------------------------------------------------ | ) | |
| | ) | |
| BOVIS LEND LEASE, INC., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ABG CAULKING CONTRACTORS, INC.; | ) | |
| APAX GLASS, INC.; DELTA/UNITED | ) | |
| SPECIALTIES; GREEN COUNTRY | ) | |
| INTERIORS, INC.; NORTHEASTERN | ) | |
| IRRIGATION & LANDSCAPE, INC.; | ) | |
| PROFESSIONAL WATERPROOFING | ) | |
| AND ROOFING, INC.; RUSSELL | ) | |
| PLUMBING HEAT & AIR COMPANY | ) | |
| d/b/a RUSSELL MECHANICAL | ) | |
| CONTRACTORS; STO CORP; | ) | |
| SUPREME SYSTEMS, INC.; and | ) | |
| WESTERN FIREPROOFING COMPANY | ) | |
| OF KANSAS, INC., | ) | |
| | ) | |
| Third Party Defendants. | ) | |

## **OPINION AND ORDER**

Defendant Bovis Lend Lease, Inc.'s ("Bovis") Motion to Compel Plaintiff Southcrest, L.L.C. to Fully Respond to Bovis' Interrogatories and Requests for Production of

Documents [Dkt. 143] is before the Court for decision.  Plaintiff has   filed a response [Dkt. 180] and a hearing was held on May 17, 2011.

In this motion, Defendant Bovis raises the same general issues raised by Defendant Gould in Defendant Gould Turner Group, P.C.'s ("Gould") Motion to Compel Regarding Southcrest, LLC's Responses to Gould Turner Group, P.C.'s First Request for Production of Documents [Dkt. 87] and Defendant Gould Turner Group, P.C.'s Motion to Compel Plaintiff's Responses to Its First Requests for Admission and Interrogatories [Dkt. 88].  The Court's ruling on those motions, [Dkt. 197], applies to the same issues raised by this motion.

At the hearing, counsel for Bovis focused on the difficulty of Plaintiff simply referring to the 50,000 photographs in general and Plaintiff identifying a group of photographs when many of the photographs are non-responsive to the specific question asked.

The difficulties and burden in reviewing the photographs is the same on all of the parties.  Plaintiff's, and for that matter Defendants', identification of specific photographs to support their claims is not required at this time.

Counsel for Bovis also focused on the need to discover when and where Plaintiff observed problems with the buildings.  To this end, Bovis was particularly interested in the production of work orders which were generated to address the problems when they were observed.  This is an appropriate area of discovery.  Plaintiff is ordered to make all reasonable efforts to locate and produce all such responsive documents.

Defendant Bovis Lend Lease, Inc.'s ("Bovis") Motion to Compel Plaintiff Southcrest, L.L.C. to Fully Respond to Bovis' Interrogatories and Requests for Production of Documents [Dkt. 143] is Granted in Part and Denied in Part as set forth herein.

SO ORDERED this 27th day of May , 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE