UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHCREST, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BOVIS LEND LEASE, INC., GOULD ) | |
| TURNER GROUP, P.C., ) | |
| ) | |
| Defendants. ) | |
| ------------------------------------------------------- ) | |
| BOVIS LEND LEASE, INC., ) | |
| ) | |
| Cross-claim plaintiff, ) | |
| v. ) | |
| ) | |
| GOULD TURNER GROUP, P.C., ) | Case No. 10-CV-0362-CVE-FHM |
| ) | |
| Cross-claim defendant. ) | |
| ------------------------------------------------------- ) | |
| BOVIS LEND LEASE, INC., ) | |
| ) | |
| Third party plaintiff, ) | |
| v. ) | |
| ) | |
| (1) ABG CAULKING CONTRACTORS, INC., ) | |
| (2) APAX GLASS, INC., (3) DELTA/UNITED ) | |
| SPECIALTIES, (4) GREEN COUNTRY ) | |
| INTERIORS, INC., (5) NORTHEASTERN ) | |
| IRRIGATION & LANDSCAPE, INC., ) | |
| (6) PROFESSIONAL WATERPROOFING ) | |
| AND ROOFING, INC., (7) RUSSELL ) | |
| PLUMBING HEAT & AIR COMPANY ) | |
| D/B/A RUSSELL MECHANICAL ) | |
| CONTRACTORS, (8) STO CORP., ) | |
| (9) SUPREME SYSTEMS, INC., AND ) | |
| (10) WESTERN FIREPROOFING COMPANY ) | |
| OF KANSAS, INC., (11) CARLISLE SYNTEC ) | |
| INC., ) | |
| Third party defendants. ) | |
| ------------------------------------------------------- ) | (Cont'd) |

|  |  | **(Cont'd)** |
|---|---|---|
| **DELTA/UNITED SPECIALTIES,** | ) | |
| | ) | |
| Fourth party plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **SOUTHERN PLASTERING, INC.,** | ) | |
| | ) | |
| Fourth party defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant, Gould Turner Group P.C.'s Motion to Dismiss and Incorporated Brief in Support (Dkt. # 201) and Fourth Party Plaintiff Delta United Specialties, Inc.'s Motion for Default Judgment Against Southern Plastering (Dkt. # 211).

**I.**

On or about December 17, 1997, plaintiff Southcrest, L.L.C. (Southcrest) entered into a contract with Bovis Lend Lease, inc. ("Bovis") to build Southcrest Hospital. Dkt. # 2, at 2. Southcrest also entered into a contract with defendant Gould Turner Group, P.C. (Gould) for design and construction administration services. Id. Original construction of the hospital was certified by Gould as substantially complete on March 12, 1999. Id. Southcrest later contracted with Bovis for three additional construction projects, which Gould also certified as complete: a catheter lab addition to the hospital, substantially complete on June 5, 2000; an operating room addition, substantially complete on October 29, 2001; and an addition of the 5th and 6th floors of the hospital tower, substantially complete on July 19, 2002. Id. at 2-3.

In its original complaint, Southcrest alleged that all of the hospital buildings were covered in exterior sheathing called Exterior Insulated Finishing System (EIFS). Id. at 3. Plaintiff alleges that, in June 2008, its employees "noticed water damage to the interior of the building" in the

2

operating room addition. Id. at 5. An environmental engineer hired by Southcrest to investigate the moisture intrusion issue discovered "high levels of moisture" inside the wall cavity of the operating room, and repair work revealed that the problem was "more extensive than initially believed." Id. Southcrest claims the damage was caused by defective design and construction of the 5th and 6th floor additions, which allegedly "allowed large volumes of water to enter the exterior wall cavity" that then wicked into permeable surfaces and flowed down the building. Id. As a result, plaintiff claims, "all permeable surfaces in the hospital tower" were eventually saturated, and water entering the building began to collect in a ground floor wall. Id. The catheter lab and operating room additions allegedly had the same problems as the 5th and 6th floors, and also have "extensive moisture intrusion and water damage." Id. at 6. In its original complaint, plaintiff claimed that the moisture intrusion and water damage in the building were caused by defective construction and design of the EIFS exterior, and that water intrusion was also caused by defective manufacture and design of the roofing system by Carlisle Syntec, Inc. (Carlisle). Id.

Plaintiff initially sought damages for the defects in the building based on negligence and breach of contract by both Bovis and Gould, breach of implied warranty for particular purpose by Bovis, and breach of express warranty by Carlisle. Id. at 7-10. The Court has original jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and is between citizens of different states. Dkt. # 2, at 2. The Court dismissed as untimely the claims for breach of contract against Bovis and Gould, as well as the breach of implied warranty claim against Bovis. Dkt. # 63. The Court also granted partial judgment on the pleadings in favor of Bovis and Gould as to plaintiff's negligence claims based on the original hospital construction. Dkt. # 77. Following the partial judgment on the pleadings, the Court granted Bovis leave to file a third-party complaint, Dkt.

# 89, which Bovis subsequently filed against ABG Caulking Contractors, Inc., Apax Glass, Inc., Delta/United Specialties, Inc. (Delta), Green Country Interiors, Inc., Northeastern Irrigation & Landscape, Inc., Professional Waterproofing and Roofing, Inc., Russell Plumbing Heat & Air Company d/b/a Russell Mechanical Contractors, STO Corp., Supreme Systems, Inc., and Western Fireproofing Company of Kansas, Inc.  Dkt. # 90.

In an Opinion and Order dated May 11, 2011 (Dkt. # 174), the Court granted in part plaintiff's motion to file an amended complaint (Dkt. # 107).  Thereafter, Southcrest filed an amended complaint, which eliminated all claims against Carlisle and added detail regarding Southcrest's negligence claims, an alternative theory of liability based on fraud, a claim against Delta, and a request for punitive damages.  Dkt. # 190.  Bovis filed an amended third-party complaint to assert claims against Carlisle, Dkt. # 184, and Delta filed a fourth-party complaint against Southern Plastering.  Dkt. # 182.

## II.

Gould seeks to dismiss the claims against it for negligent or fraudulent misrepresentation added to the amended complaint.  Gould argues that Southcrest has failed to state a claim upon which relief can be granted because it has failed to allege the requisite elements to assert a misrepresentation claim as required by Fed. R. Civ. P. 12(b)(6), and has failed to properly plead the misrepresentation claim with sufficient particularity under Fed. R. Civ. P. 9(b).  Dkt. # 201, at 2.

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must

contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleadings standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

Under the Federal Rules of Civil Procedure, there is a heightened pleading requirement for allegations of fraud. Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." That rule applies where fraud is an essential element of the claim and where the plaintiff alleges fraud even though it is not a statutory element of the offense . . . ." SEC v. Tambone, 550 F.3d 106, 118 (1st Cir. 2008). However, "[m]alice, intent, knowledge, and other condition of mind of a person, may be averred generally." Id. A party alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."

Tal v. Hogan, 453 F.3d 1244, 1263 (10th Cir. 2006) (quoting Koch v. Koch Indus., 203 F.3d 1202, 1236 (10th Cir. 2000) (internal quotations omitted)).  The purpose of Rule 9(b)'s particularity requirement is to "afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . ." Koch, 203 F.3d at 1236 (internal quotation marks and citation omitted) (alterations in original). "Rule 9(b)'s particularity requirement, however, is not absolute or limitless; a plaintiff need not go so far as to give the defendant a pretrial memorandum containing all the evidentiary support for plaintiff's case." Schrag v. Dinges, 788 F. Supp. 1543, 1550 (D. Kan. 1992) (citation omitted).[1]

Southcrest alleges alternative claims for fraudulent and negligent misrepresentation.  Under Oklahoma law, to recover under the theory of fraudulent misrepresentation,

> [a] plaintiff must prove [that] (1) the defendant made a material misrepresentation; (2) . . . it was false; (3) the defendant made the representation knowing it was false or in reckless disregard of the truth; (4) . . . the defendant made it with the intention that it should be acted upon by the plaintiff; (5) [the] plaintiff acted in reliance upon it; and (6) [the] plaintiff thereby suffered injury.

Sturgeon v. Retherford Pubs., Inc., 987 P.2d 1218, 1228 (Okla. Civ. App. 1999)(emphasis omitted). In the amended complaint, Southcrest alleges that Gould "had a duty to visit the [construction] site and determine whether the contractor and its subcontractors were constructing the [hospital] [a]dditions in accordance with the plans and specifications[,]" and that it "certified to South[c]rest in each of the contractor's payment applications that the construction . . . was in accordance with

---

[1] Some courts have held that, where claims for negligent and fraudulent misrepresentation are stated together, the heightened standard of Rule 9(b) applies to both claims. In re Enron Corp. Secs., Derivative & ERISA Litig., 540 F. Supp. 2d 800, 827 (S.D. Tex. 2007). The Tenth Circuit has not addressed whether 9(b) applies to claims for negligent misrepresentation. D&K Ventures, LLC v. MGC, LLC, 2009 WL 1505539, at * 8 (D. Kan. 2009). Because the Court finds that Southcrest's allegations satisfy Rule 9(b), see infra., it need not address that issue.

the plans and specifications." Dkt. # 190, at 11.  Southcrest claims that "[t]he construction work was, in fact, not completed in accordance with the plans and specifications[.]"  In particular, Southcrest claims that "the installation of the fiberglass reinforced gypsum sheathing, the windows and the EIFS in the Additions failed to comply with the requirements of the plans and specifications."  Dkt. # 190, at 11-12.  It claims that Gould's certifications "on the contractor payment applications during and after the installation of the sheathing, windows and EIFS for each of the Additions" were false.  Id. at 11-12.  Consequently, Southcrest alleges that Gould "either negligently or fraudulently certified that the construction work . . . was done in accordance with the plans and specifications," and that the "negligent or fraudulent misrepresentations caused and/or contributed to the damages sustained by South[c]rest."  Id. at 12.

Plaintiff's complaint satisfies the particularity requirements of Rule 9(b).  A party alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof" in a manner sufficient to afford a defendant fair notice of plaintiff's claims and the factual ground upon which they are based.  Tal, 453 F.3d at 1263; Koch, 203 F.3d at 1236.  Southcrest alleges that Gould made misrepresentations in the "contractor payment applications"[2] during and after the installation of the sheathing, windows and EIFS for each of the Additions.  Dkt. # 190, at 11-12.  It claims that Gould made false

---

[2]   In support, Southcrest attaches examples of the applications to its response.  Dkt. # 209-1, at 1-3.  When "matters outside the pleadings are presented to and not excluded by the court [in deciding a motion under Rule 12(b)(6)], the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  However, "the conversion process and notice requirement are not triggered by the mere presence of outside materials, but by the court's reliance on such materials which are inapposite to a proper Rule 12(b)(6) disposition."  Christensen v. Big Horn Cnty. Bd. of Cnty. Comm'rs, 374 F. App'x 821, 826 (10th Cir. 2010)(unpublished)(emphasis in original).  The Court treats Gould's motion as one to dismiss under Rule 12(b)(6), and will disregard plaintiff's exhibits.

Unpublished decisions are not precedential, but may be cited for their persuasive value.  See Fed. R. App. 32.1; 10th Cir. R. 32.1.

statements in those applications that the Additions were being constructed in accordance with the plans and specifications. Id. Those allegations are sufficient to give notice to Gould "of the fraudulent statements for which [it is] alleged to be responsible." Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1253 (10th Cir. 1997).

Further, Southcrest alleges that the false statements caused or contributed to its damages. Dkt. # 190, at 12. In Schwartz, the Tenth Circuit found that the plaintiff's complaint complied with the requirements of Rule 9(b) where the complaint "plainly describe[d]" the fraud scheme and gave a specific account of how defendants' allegedly false statements had led investors to act in ways that contributed to plaintiff's harm. 124 F.3d at 1254-55. Southcrest has not provided an account of the precise ways in which Gould's allegedly false statements influenced Southcrest's behavior and led to the damages alleged. The amended complaint does, however, "plainly describ[e]" the damages from the allegedly improper construction, id. at 1254; although the decision is a close one, the Court does not find that Southcrest's failure to provide a precise accounting of how the allegedly false applications contributed to plaintiff's alleged harm violates Rule 9(b). Gould is on notice of the claims for fraudulent misrepresentation against it, and Southcrest's amended complaint therefore satisfies the objectives of Rule 9(b).

Nonetheless, plaintiff's fraudulent misrepresentation claim founders under Rule 12(b)(6). "[R]ule 9(b) does not require specific knowledge regarding the defendant's state of mind," and knowledge of fraud may therefore be pleaded generally. Two Old Hippies, LLC v. Catch the Bus, LLC, 2011 WL 831302, at * 6 (D.N.M. Feb. 11, 2011); Larson v. Safeguard Props., Inc., 379 F. Supp. 2d 1149, 1153 (D. Kan. 2005). But, because knowledge is an essential element of a fraudulent representation claim, Rule 12(b)(6) does require some allegations that the defendant knew of the

8

falsity of the statement at the time it was made, or was reckless in making the statement. E.g., In re Kit Pack Co., 2009 WL 2913078, at * 3 (Bankr. N.M. April 15, 2009)(dismissing fraud claims "both under Rule 9(b) for failing to allege fraud with specificity and under Rule 12(b)(6) for failing to allege knowledge or recklessness and an intent to deceive or induce reliance"). Nowhere in Southcrest's complaint does plaintiff allege that Gould knew of the falsity of its statements that construction was proceeding in accordance with the plans and specifications, or that it was reckless in making such statements. Instead, Southcrest states that because the statements in the applications were false, Gould's certifications were either negligent or fraudulent. Dkt. # 190, at 12. Such a conclusory statement of fraud is insufficient. Where a plaintiff makes nothing beyond conclusory statements to "support an inference that the representation was false at the time it was made[,]" the complaint fails to allege the requisite state of mind required for a fraud claim.[3]  Aero Caribe de Honduras S. de R.L. v. Aircraft Structures Int'l Corp., No. CIV-10-230-M, 2010 WL 3326711, at * 4 (W.D. Okla. Aug. 23, 2010).

---

[3] Other courts have held that a failure to plead knowledge on the part of the defendant requires dismissal under Rule 9(b) rather than Rule 12(b)(6). E.g., In re Enron, 540 F. Supp. 2d at 805. The Tenth Circuit has yet to consider the issue, and the Court is therefore guided by the general proposition that "the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b)" is "how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading." The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, Federal Practice & Procedure § 1298 (3d ed. 2004 & Supp. 2011). Because, as noted, the Court finds that Southcrest's complaint puts Gould on notice of the contents of Southcrest's fraud claim, the Court does not view Rule 9(b) as the appropriate vehicle for dismissal. Cf. In re Kit Pack Co., 2009 WL 2913078, at * 3. In any case, because "[a] dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim," In re Enron, 540 F. Supp. 2d at 808, the distinction is immaterial.

In its opposition to Gould's motion to dismiss, Southcrest acknowledges that knowledge of the falsity of the statement is an element of a fraudulent misrepresentation claim. Dkt. # 209, at 6. Southcrest does not directly address its failure to allege such knowledge on the part of Gould. Instead, it claims that it adequately alleges that Gould fraudulently or recklessly misrepresented the information because it "identifie[d] defects in design and construction of the building at the time of certification, and [Gould's] supposed expertise in the field." Id. In support, Southcrest relies on portions of its complaint outlining the allegedly false statements by Gould, as well as its allegations that Gould negligently made inspections, negligently failed to identify defects and deficiencies, and negligently failed to reject non-conforming work. Id.; Dkt. # 190, at 6. None of those allegations states that Gould knew of the falsity of the applications at the time it made them, or that statements in the applications were made in reckless disregard of the truth.

In Carl Kelley Construction, LLC v. Danco Technologies, 656 F. Supp. 2d 1323 (D.N.M. 2009), the district court found that the plaintiff satisfied the "knowledge" element of his fraudulent misrepresentation claim where, in the same sentence as his claim for punitive damages, the plaintiff alleged that the defendant's misrepresentations were intentional. Id. at 1325. Here, Southcrest does allege, in its claim for punitive damages, that "[Gould] acted intentionally . . . toward South[c]rest." Dkt. # 190, at 15. On a motion to dismiss under Rule 12(b)(6), the Court assumes the truth of all well-pleaded facts in the complaint, and draws all reasonable inferences therefrom in the light most favorable to the plaintiffs. Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011). Unlike the complaint in Carl Kelley, however, Southcrest's claim for punitive damages encompassed a number of different claims, and the Court does not find an all-encompassing statement of intent to support a reasonable inference of knowledge of falsity of statements in the payment applications

by Gould. Because plaintiff has failed to allege all of the necessary elements, Southcrest's complaint fails to state a claim for fraudulent misrepresentation. Cf. Bryner v. Bryner, Heslop v. UCB, Inc., 175 F. Supp. 2d 1310, 1316 (D. Kan. 2001)(granting motion to dismiss claim for fraudulent misrepresentation where plaintiff failed to allege that defendants knew representations were false at the time they were made); P.E.A.C.E. Corp. v. Okla. Natural Gas Co., 568 P.2d 1273, 1277 (Okla. 1977)("An essential element of actionable 'false representation' is scienter or knowledge of the falsity of statements made . . .").

Southcrest argues that its complaint also states a claim for negligent misrepresentation. The Oklahoma Supreme Court has not expressly recognized the tort of negligent misrepresentation. Qassas v. Daylight Donut Flour Co., LLC, 2010 WL 2365472, at * 12 (N.D. Okla. 2010). Oklahoma courts have, however, recognized a similar claim of constructive fraud under certain circumstances. Qassas, 2010 WL 2365472, at * 12; Rogers v. Meiser, 68 P.3d 967, 971 n.7 (Okla. 2003)("under certain circumstances a negligent . . . misrepresentation may give rise to a claim known in the law as constructive fraud"); see also Ragland v. Shattuck Nat'l Bank, 36 F.3d 983, 991 (10th Cir. 1994)(stating elements for negligent misrepresentation in the context of banking transactions: (1) misrepresentation or omission of a material fact; (2) that the misrepresentation or omission was material; (3) that the supplier of the misrepresentation or omission failed to exercise reasonable care; (4) that the plaintiff reasonably relied on the misrepresentation or omission; and (5) that the plaintiff sustained damage as a result of this reliance.) In some instances, Oklahoma courts have treated negligent misrepresentation not as an independent tort, but rather as a means by which to state a negligence claim. E.g., Bankers Trust Co. v. Brown, 107 P.3d 609, 613 (Okla. Civ. App. 2004). Other Oklahoma courts have relied on § 552 of the Restatement (Second) of Torts, which states that

11

> [o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

E.g., Schulte v. Apache Corp., 949 P.2d 291, 296 (Okla. 1995); Commercial Fin. Servs., Inc. v. Arthur Andersen LLP, 94 P.3d 106, 112 (Okla. Civ. App. 2004).

The Court has found no clear statement of law regarding the elements of the tort of negligent misrepresentation in Oklahoma. In the absence of controlling Oklahoma law, the Court "must construe the law of [Oklahoma] in a manner in which the Supreme Court of [Oklahoma] would so construe if faced with similar facts and issues." Hartford v. Gibbons & Reed Co., 617 F.2d 567, 569 (10th Cir. 1980). "In so doing, [the Court] may consider all resources, including decisions of [Oklahoma], other states, federal decisions, and the general weight and trend of authority." Id. Based on decisions of Oklahoma courts and application of the law of other states by the Tenth Circuit, the Court interprets a claim of negligent misrepresentation or constructive fraud in Oklahoma to require: a material misrepresentation by defendant, made in the course of its business; defendant's breach of a duty, or failure to exercise reasonable care or competence, in making the misrepresentation; and reasonable reliance by the plaintiff, to its detriment, on the actions or words of the defendant. See MSA Tubular Prods., Inc. v. First Bank & Trust Co., 869 F.2d 1422, 1425 (10th Cir. 1989); Schulte, 949 P.2d at 296; Mid Am. Trailer Sales, Inc. v. Moorman, 576 P.2d 1194, 1196 (Okla. Civ. App. 1997); see also Cagle v. The James Street Group, 400 F. App'x 348, 359-60 (10th Cir. 2010)(unpublished)[4](interpreting Texas law); Willis v. Bender, 596 F.3d 1244, 1259 (10th

---

[4] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Cir. 2010)(interpreting Wyoming law and applying § 552); Alpine Bank v. Hubbell, 555 F.3d 1097, 1106 (10th Cir. 2009)(interpreting Colorado law).

Southcrest alleges that Gould made misrepresentations in the payment applications. Further, it claims that Gould owed it a duty of care and that, in making the misrepresentations on the payment applications, it violated that duty of care. Dkt. # 190, at 11-12. The portion of Southcrest's complaint related to the misrepresentations is conclusory as to Gould's negligence and, were the Court to consider that section in isolation, the claim would fail for reasons similar to the fraudulent misrepresentation claim. In another part of the complaint, however, Southcrest alleges that Gould's performance of its architectural duties, including the failure to identify defects and deficiencies in work on the Additions, and failure to reject non-conforming work, "failed to meet the minimum standard of care and skill required of professional architects undertaking the same or similar tasks." Id. at 5-6. Those allegations permit a reasonable inference that Gould breached its duty of reasonable care to Southcrest in completion of the payment applications. Southcrest fails to plead its own reliance on the alleged misrepresentations by Gould. But Southcrest "need not specifically plead every element to survive a motion to dismiss." Arch Ins. Co. v. Clements, Purvis & Stewart, P.C., 2011 WL 2749667, at * 2 (11th Cir. 2011). And Southcrest's allegations as to the nature of the contractual relationship between the parties and Gould's responsibilities regarding the payment applications permit a "reasonable inference that [Gould] is liable for the misconduct alleged." Ashcroft, 129 S. Ct. at 1949. Because Southcrest also claimed that it was injured by Gould's alleged misrepresentations, it has stated a claim for negligent misrepresentation under Rule 12(b)(6).

**II.**

In its capacity as fourth-party plaintiff, Delta filed a motion for default judgment against Southern Plastering on the issue of liability. Dkt. # 211. Delta has not, however, filed a motion for entry of default by the Court Clerk, a prerequisite for the entry of default judgment. Garrett v. Seymour, 217 F. App'x 835, 838 (10th Cir. 2007)(unpublished).[5] Delta's motion for default judgment states that service was made on Southern Plastering on May 19, 2011. Id. at 2. The Court has reviewed the exhibits attached to Delta's motion, and Delta cites a delivery confirmation for certified mail, addressed to Southern Plastering, and signed by Daphne Larson, who is identified as "addressee." Id. Delta must, however, file a return of service with the Court Clerk and obtain the Court Clerk's entry of default before filing a motion for default judgment. Fed. R. Civ. P. 55(a). The Court also notes that plaintiff has not submitted a proposed default judgment to the CM/ECF Intake Box as required by LCvR 55.1.

The Court notes that, even if properly filed, a motion for default judgment at this stage appears to be premature. Delta's complaint against Southern Plastering states alternative claims for contribution and indemnity. Although such alternative pleadings are permitted, see, e.g., White Elec. Servs., Inc. v. Franke Food Serv. Sys., Inc., 2010 WL 1542575, at * 3 (N.D. Okla. 2010), their availability is mutually exclusive. Where the party asserting the claim is jointly liable, contribution is the proper remedy; where no liability is attributable to the payor, indemnity is appropriate. See Nat'l Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc., 784 P.2d 52, 54-55 (Okla. 1989). The Court cannot determine from Delta's complaint the proper apportionment of liability between Delta

---

[5]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

and Southern Plastering. Therefore, even if Southern Plastering is in default, entry of default judgment would be inappropriate without further development of the factual issues in this case, an inquiry that would prove unnecessary if no liability were found on the part of Delta.

**IT IS THEREFORE ORDERED** that Defendant, Gould Turner Group P.C.'s Motion to Dismiss and Incorporated Brief in Support (Dkt. # 201) is **granted** in part and **denied** in part: it is granted as to plaintiff's claim for fraudulent misrepresentation; it is denied as to its claim for negligent misrepresentation.

**IT IS FURTHER ORDERED** that Fourth Party Plaintiff Delta United Specialties, Inc.'s Motion for Default Judgment Against Southern Plastering (Dkt. # 211) is **denied**.

**DATED** this 2nd day of September, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT