UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHCREST, L.L.C., | ) |
| Plaintiff, | ) |
| v. | ) |
| BOVIS LEND LEASE, INC., GOULD TURNER GROUP, P.C., DELTA UNITED SPECIALITIES, INC., | ) |
| Defendants. | ) |
| BOVIS LEND LEASE, INC., | ) |
| Cross-claim plaintiff, | ) |
| v. | ) |
| GOULD TURNER GROUP, P.C., | ) |
| Cross-claim defendant. | ) |
| BOVIS LEND LEASE, INC., | ) |
| Third party plaintiff, | ) |
| v. | ) |
| (1) ABG CAULKING CONTRACTORS, INC., (2) APAX GLASS, INC., (3) DELTA/UNITED SPECIALTIES, (4) GREEN COUNTRY INTERIORS, INC., (5) NORTHEASTERN IRRIGATION & LANDSCAPE, INC., (6) PROFESSIONAL WATERPROOFING AND ROOFING, INC., (7) RUSSELL PLUMBING HEAT & AIR COMPANY D/B/A RUSSELL MECHANICAL CONTRACTORS, (8) STO CORP., (9) SUPREME SYSTEMS, INC., AND (10) WESTERN FIREPROOFING COMPANY OF KANSAS, INC., (11) CARLISLE SYNTEC INC., | ) |
| Third party defendants. | ) |

Case No. 10-CV-0362-CVE-FHM

| | |
|---|---|
| **DELTA/UNITED SPECIALTIES,** | ) |
| | ) |
| Fourth party plaintiff, | ) |
| v. | ) |
| | ) |
| **SOUTHERN PLASTERING, INC.,** | ) |
| | ) |
| Fourth party defendant. | ) |

## OPINION AND ORDER

Now before the Court is Third-Party Defendant Sto Corp.'s Motion For Summary Judgment Against The Third-Party Complaint (Dkt. # 215). Third-party plaintiff Bovis Lend Lease, Inc. (Bovis) filed a response (Dkt. # 218) and third-party defendant Sto Corp. (Sto) filed a reply (Dkt. # 220).

### I.

On or about December 17, 1997, plaintiff Southcrest, L.L.C. (Southcrest) entered into a contract with Bovis for the construction of Southcrest Hospital. Dkt. # 190 at 3. The construction of the original hospital was completed on March 12, 1999. Id. Between 1999 and 2001, Southcrest contracted with Bovis and defendant Gould Turner Group, P.C. (Gould) for the construction of three additions to the hospital: a catheter lab, an operating room, and the 5th and 6th floors of the hospital tower. Id. Bovis acted as the general contractor on these projects (Dkt. # 90 at 3), and Gould was responsible for design and contract administration (Dkt. # 190 at 5).

The exterior of the hospital buildings was covered in sheathing called Exterior Insulated Finishing System (EIFS), which is "designed to prevent moisture from penetrating through its exterior surface." Id. at 4. Southcrest alleges that due to "particularly poor construction and serious design flaws" the hospital additions have succumbed to "extensive moisture intrusion and water

damage." Id. at 13-14. Southcrest alleges that this damage was due, in part, to the improper design and installation of the EIFS. Id. passim.

Plaintiff filed its initial complaint against Bovis and Gould on June 4, 2010 seeking damages based on negligence, breach of contract, breach of implied warranty against Bovis, and breach of express warranty against Gould. Dkt. # 1. The Court dismissed as untimely the claims for breach of contract against Bovis and Gould, as well as the breach of implied warranty claim against Bovis. Dkt. # 63. The Court also granted partial judgment on the pleadings in favor of Bovis and Gould as to plaintiff's negligence claims based on the original hospital construction. Dkt. # 77. The Court then granted in part plaintiff's motion to file an amended complaint, which added detail regarding the negligence claims, an alternative theory of liability based on fraud, a claim against Delta United Specialties (Delta), and a request for punitive damages. Dkt. # 190. The Court then granted in part Gould's motion to dismiss, dismissing plaintiff's claim for fraudulent misrepresentation, but denying the motion as to plaintiff's claim for negligent misrepresentation. Dkt.# 217.

In the meantime, the Court granted Bovis leave to file a third-party complaint, which Bovis then filed against ABG Caulking Contractors, Inc., Apax Glass, Inc., Delta, Green Country Interiors, Inc. (Green Country), Northeastern Irrigation & Landscape, Inc., Professional Waterproofing and Roofing, Inc., Russell Plumbing Heat & Air Company, Sto, Supreme Systems, Inc., and Western Fireproofing Company of Kansas, Inc. Dkt. # 90. Subsequently, Bovis filed an amended third-party

complaint adding Carlisle Syntec Inc. (Carlisle) as a third-party defendant.[1] Dkt. # 184. Delta has also filed a fourth-party complaint against Southern Plastering, Inc. Dkt. # 182.

As is relevant to the present motion, the third-party complaint alleges that Bovis is entitled to contribution and/or implied indemnification from Sto for any liability incurred by Bovis in relation to the EIFS. Sto is a manufacturer and marketer of several EIFS components that it sells through independent distributors. Dkt. # 215 at 4. For purposes of this motion, Sto does not dispute that Sto EIFS was installed in the three hospital additions. Dkt. # 215 at 5, n.5. The installation of the EIFS was done by Delta and Green Country. Dkt. # 90 at 4. Bovis alleges that Sto breached certain duties to Southcrest and Bovis including reviewing the plans for EIFS installation and examining the EIFS installation for deficiencies. Dkt. # 90 at 12. Sto maintains that it had no such duties and that it never "participate[d] in or provide[d] services in connection with the installation of the EIFS on the Additions to the Southcrest Hospital." Dkt. # 215 at 5. However, Sto admits that "its products installed at the Additions would have been subject . . . to limited warranties that could have been obtained from Sto or found in Sto's product literature." Dkt. # 220 at 2.

## II.

Summary judgment pursuant to Fed.R.Civ.P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986);

---

[1] Bovis' amended third-party complaint states that it was filed for the "sole purpose" of adding allegations against Carlisle and that "Bovis does not intend to in any way amend or otherwise alter its allegations against the ten Third Party Defendants named in its March 17, 2011 Third Party Complaint, Dkt. 90." Dkt. # 184 at 2. Thus, despite the filing of the amended third-party complaint, the initial third-party complaint (Dkt. # 90) contains the operative substantive allegations against the initial ten third-party defendants, including Sto.

Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Id . at 327 (internal quotation omitted).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir.1998).

## III.

Sto moves for summary judgment on the claims against it on the basis that (i) it cannot be liable for contribution because it owed no duty to plaintiff, and (ii) it did not have a legal relationship with Bovis upon which indemnification can be predicated.

5

"Contribution . . . represents a sharing of joint and several liability by providing for proportional reimbursement from other parties who are liable to the plaintiff." Woolard v. JLG Indus., Inc., 210 F.3d 1158, 1180 (10th Cir. 2000) (applying Oklahoma law). Oklahoma provides a statutory right to contribution "when two or more persons become jointly or severally liable in tort for the same injury." OKLA. STAT. tit. 12, § 832(A). The right "exists only in favor of a tort-feasor who has paid more than [its] pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of [its] pro rata share." Id. § 832(B). For purposes of contribution, Oklahoma law "does not require that multiple tortfeasors be liable under the same theories of recovery." In re Jones, 804 F.2d 1133, 1142 (10th Cir. 1986); see also N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Ageny, No. 06-CV-215-JHP, 2007 WL 2744550, at *4 (E.D. Okla. Sept. 19, 2007) (noting that § 832 does not require "the party seeking contribution to be liable under the same legal theory as the party from whom they are seeking contribution").

"The general rule of indemnity is that one without fault, who is forced to pay on behalf of another, is entitled to indemnification." Nat'l Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc., 784 P.2d 52, 54 (Okla. 1989). Thus, indemnity is available where the party forced to pay was not at fault. The right to indemnity must be premised on a legal relationship between the parties, such as contractual or vicarious liability. See id. at 55; see also Sinclair Oil Corp. v. Texaco, Inc., 94 Fed. App'x 760, 768 (10th Cir. 2004) (rejecting appellant's contention that Oklahoma law regarding equitable indemnity does not require a legal relationship between the parties) (unpublished).[2]

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R.App. 32.1; 10th Cir. R. 32.1.

The Court has carefully reviewed the third party complaint and notes that it does not allege any underlying legal basis pursuant to which Sto is liable for contribution or indemnification. It is not clear from the third party complaint if Bovis is making its contribution and indemnification claims based on negligence, breach of contract, breach of warranty, products liability, or some other legal theory. Without a more definite statement of the claim, Sto is unable to know precisely what claims are being brought against it. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests"). It is telling that, in every other section of the third party complaint, Bovis asserts that each third party defendant is liable under "common law and/or contract."[3] Dkt. # 90. However, this language is conspicuously absent from the section of the third party complaint asserting a claim against Sto. Thus, the Court has no idea as to what theory Bovis relies on to assert Sto's liability for contribution or indemnification.

Even in its response to the summary judgment motion, Bovis, for the most part, merely recites various alleged facts, but does not articulate any legal theory under which those facts give rise to Sto's liability. Nor does Bovis cite a single case throughout its response demonstrating how the alleged facts impose liability on Sto. For example, Bovis repeatedly states that Sto is liable because it provided the EIFS and the instructions for its installation. Dkt. # 218. However, Bovis does not state the legal theory under which this makes Sto liable. This puts the Court in the untenable position of being forced to hypothesize about the basic elements of Bovis' claims, effectively doing counsel's work.

In spite of the deficiencies in Bovis' pleading, Sto did not move to dismiss nor did it move for a more definite statement. Instead, Sto has moved for summary judgment on the grounds that:

---

[3] The first amended third party complaint asserting claims against Carlisle states that Carlisle is liable for contribution or indemnification under common law only. Dkt. # 184 at 5.

(i) there is no theory under which Sto can be found liable to Southcrest for purposes of contribution; and (ii) Sto did not have a legal relationship with Bovis such that Bovis would be entitled to indemnification. The Court has carefully reviewed the summary judgment record, and finds, at the very least, the following genuine issues of material fact:

- whether the injuries to Southcrest were caused by a product manufactured and/or provided by Sto;

- whether the injuries to Southcrest were caused by the installation of the EIFS;

- whether the EIFS was installed pursuant to instructions provided by Sto;

- whether the installation instructions were faulty;

- whether the installation instructions stated that the installer should apply the finish and next apply the sealant;

- whether the Columbia/HCA EIFS Quality Assurance Program document was ever sent to Sto;

- whether Sto ever received the Columbia/HCA EIFS Quality Assurance Program document;

- whether Sto ever agreed to be bound by the Columbia/HCA EIFS Quality Assurance Program; and

- whether the Columbia/HCA EIFS Quality Assurance Program applied to the hospital additions.

The Court is further confounded by the fact that neither party addresses the circumstances under which Sto provided the EIFS. Sto insists that there is no legal relationship between Sto and Bovis. However, neither party mentions whether the EIFS was the subject of a sales contract between any of the many parties in this case. Neither party has referenced, let alone submitted as evidence, a contract, an invoice, or communications regarding the terms of the sale of the EIFS.

Without such basic information regarding the sale of the material, it is difficult to assess Sto's potential liability for contribution or indemnification.

Given the genuine issues of material fact, as well as the vague nature of Bovis' claim, the Court finds that summary judgment is not appropriate at this time. Sto may re-file a motion for summary judgment upon receiving a more definite statement of Bovis' claims and/or after further discovery.

**IT IS THEREFORE ORDERED** that Third-Party Defendant Sto Corp.'s Motion For Summary Judgment Against The Third-Party Complaint (Dkt. # 215) is **denied** without prejudice.

**DATED** this 6th day of October, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT