IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHCREST, L.L.C., )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>BOVIS LEND LEASE, INC., and )<br>DELTA/UNITED SPECIALTIES, INC., )<br>  Defendants. )<br>_____ )<br>BOVIS LEND LEASE, INC., )<br>  Third Party Plaintiff, )<br>v. )<br>DELTA/UNITED SPECIALTIES, )<br>PROFESSIONAL WATERPROOFING )<br>AND ROOFING, INC., AND RUSSELL )<br>PLUMBING HEAT & AIR COMPANY )<br>D/B/A RUSSELL MECHANICAL )<br>CONTRACTORS, )<br>  Third Party Defendants, )<br>_____ )<br>DELTA UNITED SPECIALTIES, )<br>  Fourth-Party Plaintiff, )<br>v. )<br>SOUTHERN PLASTERING, INC., )<br>  Fourth-Party Defendant. ) | Case No. 10-CV-362-CVE-FHM |

## **OPINION AND )ORDER**

Fourth Party Defendant Southern Plastering, Inc.'s Motion to Strike Documents and Brief in Support, [496], is before the court for decision. The motion has been fully briefed, [506, 512], and a hearing was held on August 17, 2012.

The first issue raised by the motion is whether the Joint Pretrial Disclosures and Final Witness and Exhibit Lists of Bovis Lend Lease, Inc. and Delta/United Specialties, Inc. (Bovis and Delta) should be stricken because they were filed after the deadlines in the Scheduling Order. The Joint Pretrial Disclosures were filed four days late and the Witness and Exhibit Lists were one day late. Southern Plastering has not established any prejudice

from the late filings. The motion is therefore denied as to a complete striking of the Joint Pretrial Disclosures and Final Witness and Exhibit Lists. *Ehrenhaus v. Reynolds,* 965 F.2d 916, 932 (10th Cir. 1992)(outlining factors to consider for issuance of extreme sanctions).

The next issue concerns the substitution of SouthCrest's expert witnesses for Bovis and Delta's expert witnesses on the final witness list. During the case Bovis and Delta disclosed their experts, provided expert reports, and depositions of the experts were conducted. When SouthCrest settled with Bovis and Delta SouthCrest began asserting Bovis and Delta's claims. SouthCrest was not satisfied with Bovis and Delta's experts. As a result, SouthCrest caused Bovis and Delta to list SouthCrest's experts on behalf of Bovis and Delta in the final witness list. The substitution creates a problem. When SouthCrest was still in the case Southern Plastering, Inc. filed Daubert motions challenging SouthCrest's experts. When SouthCrest settled all of its claims and was dismissed from the case those motions were found moot. If Bovis and Delta are now permitted to use SouthCrest's experts then in fairness, the Daubert motions will have to be reinstated, briefed, and resolved. That course would disrupt the attorney's pre-trial preparation and possibly cause a delay in the trial.

A better course is to strike SouthCrest's experts and permit Bovis and Delta to list and call the experts they have relied on throughout the case. This course will not prejudice either Bovis and Delta or Southern Plastering and will allow the case to proceed in an orderly fashion. In saying Bovis and Delta will not be prejudiced the court recognizes that SouthCrest would prefer to assert Bovis and Delta's claims through SouthCrest's own experts. But since SouthCrest is attempting to step into the shoes of Bovis and Delta it is not unreasonable to require SouthCrest to walk in those shoes as it finds them.

The final issue raised by the motion is Southern Plastering's objection to the introduction of the deposition testimony of Mr. Remmele by Bovis and Delta. Bovis and Delta did not designate Mr. Remmele's testimony pursuant to the scheduling order. However, Southern Plastering did designate Mr. Remmele's testimony. Southern Plastering will not be prejudiced if Bovis and Delta are allowed to introduce the same testimony.

Fourth Party Defendant Southern Plastering, Inc.'s Motion to Strike Documents [496] is GRANTED in part and DENIED in part as set forth herein.

DATED this 20th day of August 2012.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE