# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SOUTHCREST, L.L.C., <br>     Plaintiff, <br> v. <br> BOVIS LEND LEASE, INC., and <br> DELTA/UNITED SPECIALTIES, INC., <br>     Defendants. <br> _____ <br> BOVIS LEND LEASE, INC., <br>     Third Party Plaintiff, <br> v. <br> DELTA/UNITED SPECIALTIES, <br> PROFESSIONAL WATERPROOFING <br> AND ROOFING, INC., and RUSSELL <br> PLUMBING HEAT & AIR COMPANY <br> D/B/A RUSSELL MECHANICAL <br> CONTRACTORS, <br>     Third Party Defendants, <br> _____ <br> DELTA/UNITED SPECIALTIES, <br>     Fourth-Party Plaintiff, <br> v. <br> SOUTHERN PLASTERING, INC., <br>     Fourth-Party Defendant. | Case No. 10-CV-0362-CVE-FHM |

## OPINION AND ORDER

Now before the Court is fourth-party plaintiff Delta United Specialties, Inc.'s (Delta) Motion to Substitute Real Party in Interest (Dkt. # 516), in which Delta seeks to substitute Southcrest, L.L.C. (Southcrest) in the place of Delta as fourth-party plaintiff, pursuant to Fed. R. Civ. P. 25(c). In its fourth-party complaint, Delta asserts claims of contribution and indemnification against Southern Plastering, Inc. (Southern Plastering). Dkt. # 182. Delta now purports to have assigned the contribution and indemnification claims to Southcrest. After the motion was filed, the Court entered an Order (Dkt. # 519) directing the parties to address specific issues in their response and reply briefs, which the parties have done.

**I.**

The facts and procedural history of this case have been recited by this Court many times. However, due to the multitude of parties and the procedural quagmire that the parties have created, yet another recitation of the facts and procedural history is prudent.

On or about December 17, 1997, Southcrest entered into a contract with Bovis Lend Lease, Inc. (Bovis) for the construction of Southcrest Hospital. Dkt. # 190 at 3. The construction of the original hospital was completed on March 12, 1999. Id. Between 1999 and 2001, Southcrest contracted with Bovis for the construction of three additions to the hospital: a catheter lab, an operating room, and the 5th and 6th floors of the hospital tower. Id. Bovis acted as the general contractor on these projects. Dkt. # 90 at 3. Southcrest alleges that due to "particularly poor construction and serious design flaws" the hospital additions have succumbed to "extensive moisture intrusion and water damage." Dkt. # 190 at 13-14.

Southcrest filed its initial complaint on June 4, 2010 against Bovis, Gould Turner Group, P.C. (Gould)[1] and Carlisle Syntec, Inc (Carlisle). Dkt. # 2. The Court then granted in part plaintiff's motion to file an amended complaint, which added detail regarding plaintiff's negligence claims, an alternative theory of liability based on fraud, a negligence claim against Delta, and a request for punitive damages.[2] Dkt. # 190. The amended complaint also omitted plaintiff's claims against

---

[1] Gould and Southcrest have reached a settlement and all claims against Gould have been dismissed. See Dkt. # 253.

[2] Southcrest's initial complaint alleged claims for relief based on negligence, breach of contract, breach of implied warranty, and breach of express warranty. Dkt. # 2. The claims for breach of contract and breach of implied warranty were dismissed as untimely. Dkt. # 63. Southcrest's first amended complaint abandons the contract and warranty claims and alleges claims of negligence only. Dkt. # 190.

Carlisle, and Carlisle was dismissed as a defendant. Dkt. # 174. Rather than allege defects in the roofing system, the amended complaint focused on alleged defects in the construction of the hospital additions and defects in the design and installation of the moisture insulation system. The first amended complaint alleges that plaintiff's damages are in excess of $10,000,000.

The Court also granted Bovis leave to file a third-party complaint, which Bovis then filed against ABG Caulking Contractors, Inc., Apax Glass, Inc., Delta, Green Country Interiors, Inc., Northeastern Irrigation & Landscape, Inc., Professional Waterproofing and Roofing, Inc., Russell Plumbing Heat & Air Company, Sto Corp., Supreme Systems, Inc., and Western Fireproofing Company of Kansas, Inc. Dkt. # 90. After Southcrest's claims against Carlisle were voluntarily dismissed, Bovis filed an amended third-party complaint adding Carlisle as a third-party defendant. Dkt. # 184. Delta has also filed a fourth-party complaint against Southern Plastering for contribution and/or indemnification. Dkt. # 182.

On July 27, 2012, Southcrest filed stipulations of dismissal voluntarily dismissing its claims against Delta and Bovis. Dkt. ## 477, 478. As a result, Southcrest had no remaining claims in this litigation and was terminated as a party. Dkt. # 488. In addition, Bovis and Delta were terminated as defendants. Id. However, Bovis and Delta's third and fourth-party claims remain against certain third and fourth-party defendants. Specifically, as it pertains to the pending motion, Delta has fourth-party claims against Southern Plastering for contribution and indemnification. For purposes of the pending motion, the only remaining issue in this action is whether Delta is entitled to indemnification and/or contribution from Southern Plastering.[3]

---

[3] The only other remaining issues, not pertinent to the pending motion, are whether Bovis is entitled to contribution or indemnification from Delta, Professional Waterproofing and Roofing, Inc., and/or Russell Plumbing Heat & Air Company.

On August 20, 2012, Delta filed the pending motion seeking to substitute Southcrest in its place as the real party in interest. Dkt. # 516. Delta states that, as part of its settlement agreement with Southcrest, Delta assigned its contribution and indemnification claims against Southern Plastering to Southcrest. The settlement agreement entered into between Southcrest and Delta states that "Delta hereby assigns to Plaintiff any and all claims that Delta ever had, currently has, or will in the future have against its sub-contractor, Southern Plastering, arising out of the Incident and/or the Project and/or the Litigation, including, but not limited to, Defendant's Fourth Party Complaint." Dkt. # 523-1 at 4; Dkt. # 523-2 at 4.[4]

## II.

Rule 25(c) states that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Substitution of a successor in interest under Rule 25(c) is generally within the sound discretion of the trial court. Prop-Jets, Inc. v. Chandler, 575 F.2d 1322, 1324 (10th Cir. 1978). Thus, Rule 25(c) "allows a substitution of a successor in interest . . . but does not require it." M&I Marshall & Ilsley Bank v. FD-RE, L.L.C., No. CIV-08-874-D, 2009 WL 909625, at *1 (W.D. Okla. Apr. 2, 2009).

## III.

Delta argues that its assignment to Southcrest of all claims related to this litigation makes Southcrest the successor in interest and, thus, Southcrest should be substituted as the fourth-party plaintiff. Southern Plastering argues that the assignment is invalid and Southcrest has not been

---

[4] The settlement agreement further states that it "is entered into in the State of Oklahoma, and shall be construed and interpreted by and in accordance with the laws of the State of Oklahoma." Dkt. # 523-1 at 6; Dkt. # 523-2 at 6.

4

transferred any rights related to the present litigation. In order to determine whether Southcrest is the successor in interest to Delta's claims, the Court must examine the purported assignment. If the assignment is valid, then Southcrest is the successor in interest and can be substituted. If the assignment is invalid, then Southcrest is not the successor in interest and cannot be substituted.

The assignment of claims in Oklahoma is governed by statute, which states that "[t]he assignment of claims not arising out of contract is prohibited." OKLA. STAT. tit. 12, § 2017(D). Thus, courts have routinely prohibited the assignment of "pure tort" or "personal tort" claims. See, e.g., Speedsportz, LLC v. Gooding & Co., No. 11-CV-0276-CVE-FHM, 2011 WL 5006456, at *5 (N.D. Okla. Oct. 20, 2011) (holding that claim for negligent injury to property arising out of car accident was not assignable under § 2017(D)). However, where a tort claim is premised on a contractual relationship, courts have held that the claim arises "out of contract" for purposes of § 2017(D) and may be assigned. See Chimney Rock Ltd. P'ship v. Hongkong Bank of Can., 857 P.2d 84, 88 (Okla. Civ. App. 1993) (holding tort claims were assignable where "the alleged torts are grounded in the contracts and would not be capable of existing except for the contracts").

Delta argues that its contribution and indemnification claims are assignable because "the duty owed by Southern Plastering arises from the construction contracts." Dkt. # 521 at 3. In other words, Delta is arguing that Southern Plastering contracted with Delta to perform work on Southcrest's property and by virtue of that contract, Southern Plastering assumed a duty to perform its work in a skillful, careful, diligent, and workmanlike manner. See Keel v. Titan Constr. Corp., 639 P.2d 1228, 1231 (Okla. 1981) (stating that "there is implied in every contract for work or services a duty to perform it skillfully, carefully, diligently, and in a workmanlike manner").

5

Because a claim of negligence against Southern Plastering would not exist but for the contractual relationship, Southcrest argues that the claim is assignable under Oklahoma law.

Delta's argument fundamentally misunderstands the nature of the claim currently pending against Southern Plastering. <u>There is no negligence claim alleged against Southern Plastering in this litigation</u>. Thus, whether a potential tort claim for negligence against Southern Plastering "arose from" a contractual relationship and would therefore be assignable is irrelevant for purposes of this litigation. The only claims pending against Southern Plastering are for contribution[5] and indemnification. The question faced by this court is whether the contribution and indemnification claims are assignable under § 2017(D).

**A.     Contribution**

"Contribution . . . represents a sharing of joint and several liability by providing for proportional reimbursement from other parties who are liable to the plaintiff." <u>Woolard v. JLG Indus., Inc.</u>, 210 F.3d 1158, 1180 (10th Cir. 2000) (applying Oklahoma law). "In 1978 the Oklahoma Legislature enacted the Oklahoma Uniform Contribution Among Tortfeasors Act, 12 O.S.1991, § 832 (the Act). The intent of the Act was to interject judicial control over the distribution of damages in tort claims in which there is more than one tortfeasor." <u>Barringer v. Baptist Healthcare of Okla.</u>, 22 P.3d 695, 698 (Okla. 2001). "Subsection 832(A) of the Act creates the right of contribution among joint tortfeasors." <u>Id.</u> Section 832(A) states that "[w]hen two or more persons become jointly or severally liable in tort for the same injury . . . there is a right of

---

[5]     The Court is aware, however, that in order to prevail on a claim for contribution, Delta will be required to prove that Southern Plastering is a joint tortfeasor, <u>i.e.</u>, that it was negligent in the performance of its work. However, that is but one element of the separate cause of action for contribution.

contribution among them even though judgment has not been recovered against all or any of them except as provided in this section." OKLA. STAT. tit. 12, § 832(A).

There is no legal authority determining the assignability of a contribution claim pursuant to Oklahoma law. The Court must look to the plain language of the statute prohibiting assignments in order to determine whether a contribution claim could be assigned. As noted above, Oklahoma law prohibits assignment of claims "not arising out of contract." OKLA. STAT. tit. 12, § 2017(D). The right to contribution among tortfeasors is a statutorily created right. Barringer, 22 P.3d at 698. It is not a right that depends on or arises out of a contractual relationship between parties. Thus, Delta's claim for contribution against Southern Plastering is a claim based on statutory rights and does not "arise out of contract." It is therefore not assignable based on the plain language of § 2017(D). Contrary to Delta's assertions, the underlying nature of the tort and whether the tort claim would be assignable are not relevant to the determination of whether the contribution claim is assignable. Because the contribution claim cannot be assigned, Southcrest is not the successor in interest to Delta's contribution claim and cannot be substituted as the fourth-party plaintiff on that claim.

**B.    Indemnification**

Delta's fourth-party complaint against Southern Plastering asserts a claim of indemnification "under common law and/or contract." Dkt. # 182 at 4. However, in its reply brief, Delta does not argue that it has a contractual indemnity claim, but states only that it "has a claim against Southern Plastering for equitable indemnity." Dkt. # 521 at 1. It thus appears that Delta does not assert a contractual indemnity claim against Southern Plastering, but asserts only an equitable indemnity claim.

7

"The general rule of indemnity is that one without fault, who is forced to pay on behalf of another, is entitled to indemnification." Nat'l Union Fire Ins. Co. v. A.A.R. W. Skyways, Inc., 784 P.2d 52, 54 (Okla. 1989). Indemnity may arise out of either an express contractual agreement or out of a noncontractual or equitable relationship. Id. "Noncontractual or equitable indemnity is similar to common-law contribution; one who is only constructively or vicariously obligated to pay damages because of another's tortious conduct may recover the sum paid from the tortfeasor." Id. (internal quotations omitted).

Delta's claim for indemnity is based on principles of equity, rather than on a contractual provision. Thus, the claim does not "arise out of a contract" and cannot be assigned under Oklahoma law. OKLA. STAT. tit. 12, § 2017(D).

**IT IS THEREFORE ORDERED** that fourth-party plaintiff Delta United Specialties, Inc.'s Motion to Substitute Real Party in Interest (Dkt. # 516) is **denied**.

**DATED** this 27th day of August, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE