UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOUTHCREST, L.L.C., | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| BOVIS LEND LEASE, INC., and | ) | |
| DELTA/UNITED SPECIALTIES, INC., | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| BOVIS LEND LEASE, INC., | ) | |
|     Third Party Plaintiff, | ) | Case No. 10-CV-0362-CVE-FHM |
| v. | ) | |
| DELTA/UNITED SPECIALTIES, | ) | |
| PROFESSIONAL WATERPROOFING | ) | |
| AND ROOFING, INC., and RUSSELL | ) | |
| PLUMBING HEAT & AIR COMPANY | ) | |
| D/B/A RUSSELL MECHANICAL | ) | |
| CONTRACTORS, | ) | |
|     Third Party Defendants, | ) | |
| _____ | ) | |
| DELTA/UNITED SPECIALTIES, | ) | |
|     Fourth-Party Plaintiff, | ) | |
| v. | ) | |
| SOUTHERN PLASTERING, INC., | ) | |
|     Fourth-Party Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is Fourth Party Defendant Southern Plastering, Inc.'s Motion for Relief from Order and Brief in Support (Dkt. # 508). Southern Plastering, Inc. (Southern Plastering) requests that, pursuant to Fed. R. Civ. P. 60(b), this Court vacate its order mooting Southern Plastering's summary judgment motion and adjudicate that motion on the merits. There has been no response to Southern Plastering's motion and the deadline to respond has passed.

**I.**

The facts and procedural history of this case have been recited by this Court many times. Only those facts that are directly relevant to the pending motion will be set forth here.

On or about December 17, 1997, Southcrest, L.L.C. (Southcrest) entered into a contract with Bovis Lend Lease, Inc. (Bovis) for the construction of Southcrest Hospital. Dkt. # 190 at 3. The construction of the original hospital was completed on March 12, 1999. Id. Between 1999 and 2001, Southcrest contracted with Bovis for the construction of three additions to the hospital: a catheter lab, an operating room, and the 5th and 6th floors of the hospital tower. Id. Bovis acted as the general contractor on these projects. Dkt. # 90 at 3. Southcrest alleges that due to "particularly poor construction and serious design flaws" the hospital additions have succumbed to "extensive moisture intrusion and water damage." Dkt. # 190 at 13-14.

Southcrest filed its initial complaint on June 4, 2010 against Bovis, Gould Turner Group, P.C. (Gould) and Carlisle Syntec, Inc (Carlisle).[1] Dkt. # 2. The initial complaint alleged claims for relief based on negligence, breach of contract, breach of implied warranty, and breach of express warranty. Dkt. # 2. The claims for breach of contract and breach of implied warranty were dismissed as untimely. Dkt. # 63. The Court then granted in part Southcrest's motion to file an amended complaint, which added detail regarding plaintiff's negligence claims, an alternative theory of liability based on fraud, a negligence claim against Delta/United Specialties (Delta), and a request for punitive damages. Dkt. # 190. The first amended complaint abandoned the contract and warranty claims and alleges claims of negligence only. Dkt. # 190.

The Court also granted Bovis leave to file a third-party complaint, which Bovis then filed against several subcontractors, including Delta. Dkt. ## 90; 184. Delta then filed a fourth-party

---

[1] All claims against Gould and Carlisle have been resolved and they are no longer parties to this action. See Dkt. ## 253, 270.

2

complaint against its subcontractor, Southern Plastering, for contribution and/or indemnification. Dkt. # 182.

On May 30, 2012, Southern Plastering filed a motion for summary judgment alleging that Southcrest's claims of negligence were barred by the statute of limitations. Dkt. # 429. While that motion was pending, Southcrest filed stipulations of dismissal voluntarily dismissing its claims against Delta and Bovis. Dkt. ## 477, 478. As a result of the stipulations, the Court issued an order directing Southcrest and Delta to show cause as to why Southern Plastering's motion for summary judgment should not be dismissed as moot because it addressed Southcrest's claim, and Southcrest had dismissed all of its claims. Dkt. # 483. Southcrest responded that the summary judgment motions were indeed moot (Dkt. # 486), and this Court then found them moot. Dkt. # 488. Because Southcrest had no remaining claims in the litigation, it was terminated as a party. Id. Bovis and Delta were terminated as defendants. Id. However, Bovis and Delta's third and fourth-party claims remain against certain third and fourth-party defendants. Specifically, as it pertains to the pending motion, Delta has fourth-party claims against Southern Plastering for contribution and indemnification. For purposes of the pending motion, the only remaining issue in this action is whether Delta is entitled to indemnification and/or contribution from Southern Plastering.[2]

**II.**

Southern Plastering moves for relief pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(3), which provide:

---

[2] The only other remaining issues, not pertinent to the pending motion, are whether Bovis is entitled to contribution or indemnification from Delta, Professional Waterproofing and Roofing, Inc., and/or Russell Plumbing Heat & Air Company.

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

Fed. R. Civ. P. 60(b). The Tenth Circuit has held that the "'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments [or orders] only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. . . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005). The Court has substantial discretion in connection with a Rule 60(b) motion. Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

### III.

**A.     Southern Plastering's Motion for Relief from Order**

Southern Plastering seeks relief from this Court's order (Dkt. # 488) mooting Southern Plastering's summary judgment motion. Southern Plastering argues that the order was based on mistake and/or misrepresentation because the summary judgment motion was not only directed to Southcrest, but was also directed to the indemnification and contribution claims brought by Delta. Thus, Southern Plastering argues, the summary judgment motion is not moot and should be adjudicated on the merits.

Having reviewed the summary judgment motion, and in light of the fact that there is no opposition to the motion for relief, the Court will vacate its finding that Southern Plastering's motion for summary judgment is moot, reinstate the motion, and adjudicate it on the merits.

**B.     Southern Plastering's Motion for Summary Judgment**

In its summary judgment motion, Southern Plastering argues that Delta's contribution and indemnification claims must fail because any claim of negligence by Southcrest against Southern Plastering would be barred by the statute of limitations.[3] Southcrest opposed the summary judgment motion (Dkt. # 451), but Delta did not file a response. Thus, pursuant to LCvR 56.1, the summary judgment motion is deemed confessed by Delta, and the material facts stated therein are deemed admitted as to Delta. See LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.").

It is undisputed that Delta contracted with Southern Plastering to install insulation on the 6th floor addition to the hospital. Dkt. # 182 at 3; Dkt. # 429 at 11. It is further undisputed that the installation of this insulation was the only work performed by Southern Plastering on any part of the hospital. Id. Southern Plastering presents evidence that Southcrest knew of water intrusion in the original hospital building as early as 1998 (Dkt. # 429 at 9-11) and that Southcrest knew of water intrusion in the additions to the hospital as early as 2003 (Dkt. # 429 at 12-20). Southern Plastering argues that, because Southcrest's initial complaint was not filed until June 4, 2010, it was filed more than two years after discovery of the damage and is thus barred by the statute of limitations.

---

[3]     Southern Plastering's summary judgment motion also raised arguments concerning a purported assignment of Delta's claims to Southcrest. Because the Court recently held that the purported assignment was ineffective (Dkt. # 524), these issues are moot.

5

While Delta's claims against Southern Plastering are not for negligence, but for contribution and indemnification, Southern Plastering is entitled to raise any defense to those claims that it could raise in a direct negligence action. See Barringer v. Baptist Healthcare of Okla., 22 P.3d 695, 698 (Okla. 2001) (stating that defendant in contribution action "may assert . . . any other available defenses . . . .").[4] Thus, if Southcrest could not have maintained a negligence claim against Southern Plastering because of the expiration of the statute of limitations, then Delta cannot recover from Southern Plastering for contribution or indemnity.

A cause of action for an injury based on negligence must be brought within two years of the accrual of the cause of action. OKLA. STAT. tit. 12, § 95(A)(3). However, in certain circumstances, the statute is subject to a discovery rule, which "provides that the limitations period does not begin to run until the date the plaintiff knew or should have known of the injury." Samuel Roberts Noble Foundation v. Vick, 840 P.2d 619, 624 (Okla. 1992). Put another way, the statute of limitations begins to run on the date that plaintiff acquires "sufficient information which, if pursued, would lead to the true condition of things . . . ." Daugherty v. Farmers Cooperative Ass'n, 689 P.2d 947, 950-51 (Okla. 1984). "The operative date is that date on which plaintiff could have brought suit." Vick, 840 P.2d at 625. The Oklahoma Supreme Court has held that the discovery rule applies in actions for negligence concerning construction contracts. Id. at 625. Under Oklahoma law, "[t]he party

---

[4] Southern Plastering does not cite any legal authority for its position that an indemnification claim may be barred by the expiration of the statute of limitations of the initial negligence claim, and the Court has not located any Oklahoma authority on point. However, because Delta failed to oppose the summary judgment motion, it is estopped from arguing that Southern Plastering cannot raise the statute of limitations as a defense. In addition, the Federal Rules of Civil Procedure allow a third-party defendant "to assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim." Fed. R. Civ. P. 14(a)(2)(C).

asserting the limitations defense has the burden to present evidence reasonably tending to establish the time-bar." MBA Commercial Constr., Inc. v. Roy J. Hannaford Co., 818 P.2d 469, 472 (Okla.1991). The determination of when a "plaintiff has sufficient knowledge to know that an actionable defect exists . . . is generally one of fact." Vick, 840 P.2d at 626.

The statute of limitations on a negligence claim against Southern Plastering began to run when Southcrest knew or should have known of the injury or defects or when Southcrest had sufficient information which, if pursued, would have led to discovery of the damage. Southern Plastering argues that Southcrest knew of the damage to the building as early as 2003, when a leak was identified in the ceiling on the 4th floor. Dkt. # 429 at 12. Southern Plastering provides evidence of over 20 specific incidences of water intrusion and/or mold that occurred on the 1st, 2nd, 3rd, 4th, 5th, and 6th floors of the hospital between 2003 and 2008. Id. at 12-20. Based on this series of incidents, Southern Plastering argues that Southcrest knew of damage to the hospital prior to June 2008, two years before this case was filed. Thus, Southern Plastering argues this action was filed after the expiration of the statute of limitations.

It is undisputed that Southcrest was aware of certain leaks in the building as early as 2003. However, this evidence does not definitively prove that these individual problems put Southcrest on notice that there was damage to the 6th floor of the building and that it might have a claim related to the contractors who worked on that area. Many of the leaks were on the 1st, 2nd, 3rd, 4th, and 5th floors. Of the over 20 specific incidents identified by Southern Plastering, only five specifically dealt with problems on the 6th floor. Southern Plastering admits that there "was no widespread water intrusion on the 6th floor." Id. at 18. Southcrest's maintenance worker testified that, at one point, Southcrest believed the problem was with the windows and the window manufacturer. Id. at

14. Based on this evidence, a reasonable jury could conclude that the series of leaks occurring between 2003 and 2008 did not put Southcrest on notice that it had a problem on the 6th floor. A jury could also conclude that a reasonable investigation of the leaks would not have led to discovery of problems on the 6th floor. Thus, there is a genuine dispute of material fact concerning whether the other known defects were related to the damage on the 6th floor and whether a reasonable investigation of the other known defects would have led to a discovery of the problems on the 6th floor. Because there is a genuine dispute of material fact as to when the statute of limitations began to run, summary judgment must be denied. See Delashaw v. Tyson Foods, Inc., 100 F. App'x 762, 767 (10th Cir. 2004) (unpublished)[5] (reversing summary judgment where there were issues of fact concerning whether claims were "related to the other design and construction defects that plaintiffs were aware of" earlier and whether "reasonable investigation of the other known defects would have led to a discovery of the problems" related to the litigation).

**IT IS THEREFORE ORDERED** that Fourth Party Defendant Southern Plastering, Inc.'s Motion for Relief from Order and Brief in Support (Dkt. # 508) is **granted** and that Southern Plastering's motion for summary judgment (Dkt. # 429) is **reinstated**.

**IT IS FURTHER ORDERED** that Southern Plastering's motion for summary judgment (Dkt. # 429) is **denied**.

**DATED** this 30th day of August, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[5] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.